RAYMOND T. WHEATON *v.* CITY OF PUTNAM.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued January 2—decided February 7, 1940.

*Reinhart L. Gideon,* for the appellant (plaintiff).

*John A. Danaher,* with whom was *Jean Bachand,* for the appellee (defendant).

BROWN, J.  By this action the plaintiff, as owner of land in the town of Putnam, seeks injunctive relief and damages against the defendant incident to its maintenance of a public dumping ground easterly of the plaintiff's land, which is alleged to constitute a nuisance and to have damaged the plaintiff by polluting his well and causing noxious smoke and gases to envelop his land.  The court restricted its judgment for the plaintiff to an injunction against the defendant's damaging the plaintiff by noxious smoke or gas from the burning of dump material caused by it or its agents.  From this judgment the plaintiff has appealed, claiming corrections in the finding, and that the court erred in its conclusions, in overruling the

plaintiff's claims of law, and in failing to award damages to the plaintiff for injury by smoke.

The following summary outline of the undisputed facts found is sufficient for the purposes of this opinion. The plaintiff owns ninety-five acres of land in the town of Putnam bounded westerly by the Quinnebaug River and easterly by the New York, New Haven and Hartford Railroad right of way. He resides in a large house just west of Parke Street, which extends through his property from north to south, and a tenant house owned by him is diagonally opposite on the east side of the street. The land in the vicinity of the houses is level and somewhat above the river, but from just east of the tenant house runs to a peak at the west edge of a ravine along the west side of the railroad embankment, which is twelve feet high and fifty feet wide. The natural slope of the land and the surface flow east of the peak is from west to east to Culver Brook which empties into the river a considerable distance to the northwest. The surface flow on the west side of the peak is from east to west, and a small ravine extends northwesterly to a point east of the tenant house.

Sometime prior to 1920 the defendant established a public city dump just east of the railroad on land considerably higher than the plaintiff's tenant house lot, which is about two thousand feet due west therefrom. A well eighty-five feet deep in the cellar of the tenant house, by means of an electric pump, serves that house, the plaintiff's and another with water, which until June, 1934, was palatable and of excellent quality. Ever since then it has had a gassy odor and been unpalatable, particularly after heavy rains. There is a large cesspool one hundred and twenty feet northeast of the well. The tenant house has tar roofing with no eaves troughs. The highway a few feet west of the

house has a tar oil surface. In it is a high pressure gas main of the Connecticut Light & Power Company, from which service pipes lead to both of the plaintiff's houses. Gas borne water accumulated at intervals in the pipe serving the plaintiff's residence. Such water in gas pipes, that percolating from tar road oil, that dripping from tar roofing, and the cesspool liquid all contain phenol. Chemical analysis disclosed phenol in the well water subsequent to June, 1934. In 1931 the Power Company dumped a large quantity of oil on the dump and in December, 1933, deposited at different places thereon several thousand bushels of shavings which had been used in cleaning a gas tank. Water from wells dug in the dump contained neither phenol nor the gassy flavor found in the plaintiff's well water.

At times noxious smoke from fires on the dump, drifting with the contour of the land, has enveloped the plaintiff's houses and adjoining land. This smoke came from the burning of rubbish and garbage in fires started by people who brought it there to get rid of it. This smoke resulted from this burning by persons who were not the servants, agents or employees of the defendant, and who were not permitted to do so by it. It caused discomfort and inconvenience to the plaintiff and to members of his family. From time to time the plaintiff complained to the defendant concerning the smoke. The caretakers employed by the defendant have also set fires upon the dump. The tenant house has been continuously occupied for years under a month to month lease at the same rental paid of twenty-five dollars per month. The smoke did not affect the antiques belonging to plaintiff, who is engaged in the antique business.

The court found these further facts which the plaintiff seeks to have eliminated by correction of the find-

ing: that the defendant could not reasonably and naturally have expected injury to the plaintiff from the location or use of the dump; that the dump was properly located for the uses and purposes to which it was reasonably put; that the plaintiff suffered no damage from smoke in consequence of fires set by the defendant's caretakers or other agents at the dump; and that the deposit of the oil and shavings thereon by the Power Company was without the knowledge or permission of the defendant. Upon all of the foregoing facts, supplemented by the applicable evidence, the court reached the fundamental conclusions that the creation and maintenance of the dump by the defendant do not constitute a nuisance, that the defendant's dump did not cause the pollution of the plaintiff's well, and that the plaintiff suffered no damage by any act of the defendant or its agents. Not only is error claimed in the court's finding the facts recited in this paragraph, but also in its refusal to find certain other facts.

The evidence before us is clearly not all the evidence bearing upon the corrections sought. Several of the paragraphs of the draft-finding sought to be added are dependent upon evidence not before us; two are contradicted by the portion of the evidence that is printed; and one is evidential in nature. The material primary facts in the finding which are attacked, also must have been found upon the basis of evidence not in the record, with the exception of two which are supported in the portion of the evidence before us. Upon this record none of these corrections can be made. The two material paragraphs of the finding to the effect that the defendant did not by its maintenance of this dump cause the pollution of the plaintiff's well, are in part dependent upon other facts found and in part on evidence. *Slosberg* v. *Norwich,* 115 Conn. 578, 581, 162

Atl. 772; *Calkins* v. *Liggett Drug Co., Inc.,* 124 Conn. 14, 17, 197 Atl. 693. Since this evidence is not before us, the corrections sought as to these paragraphs cannot be made. In so far as his appeal is dependent upon the correction of the finding therefore, the plaintiff cannot prevail. *Schroeder* v. *Taylor,* 104 Conn. 596, 602, 134 Atl. 63; *Arlowski* v. *Foglio,* 105 Conn. 342, 347, 135 Atl. 397; *Greist* v. *Amrhyn,* 80 Conn. 280, 285, 68 Atl. 521; *Twining* v. *Goodwin,* 83 Conn. 500, 501, 77 Atl. 953; *Flaacke* v. *Winona Mills Co.,* 104 Conn. 665, 670, 134 Atl. 265. As admitted by counsel for the plaintiff in oral argument and confirmed by the record, this is conclusive against the plaintiff's appeal.

Upon the record before us, the relief granted by the court's decree exceeded rather than fell short of that to which the plaintiff was entitled. However, the duty of the city is not satisfied by mere passivity, or by withholding of authority or permission to set such fires. Control of use or misuse of the dump is in the city as owner of the property and it would be its duty to exercise dominion and supervision to protect the plaintiff from noxious smoke and gas, not only by restricting the setting of fires thereon but also by taking reasonable means to enforce that restriction. If subsequent to the period covered by the evidence in the present case smoke from material burned on the dump by others than the defendant's agents should constitute a nuisance to the occupants of the plaintiff's property, of which burning the defendant either knew or in the exercise of reasonable care should have known, relief against such nuisance might well be granted. *Hanlon* v. *Waterbury,* 108 Conn. 197, 200, 142 Atl. 681; 20 R. C. L. 391, § 14; 46 C. J. 745, § 332; 32 L. R. A. (N. S.) 889, 899, note; *Leahan* v. *Cochran,* 178 Mass. 566, 60 N. E. 382; 86 Am. St. R. 506, 509,

note; *Gray* v. *Boston Gas Light Co.,* 114 Mass. 149; *Pettibone* v. *Burton,* 20 Vt. 302, 309; *Grant* v. *Louisville & N. R. Co.,* 129 Tenn. 398, 165 S. W. 963.

There is no error.

In this opinion the other judges concurred.