MICHAEL J. MARCHITTO ET AL. *v.* TOWN OF
WEST HAVEN

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued March 6—decided April 2, 1963

*Charles H. Fischer, Jr.,* with whom was *Eugene J. Dorsi,* for the appellant (defendant).

*Jerome T. Malliet,* with whom, on the brief, were *Joseph E. McKenna* and *Frank A. Murphy,* for the appellees (plaintiffs).

ALCORN, J. In this case, two plaintiffs sought damages for the burning of property by a fire which spread out of control from a public dump operated

by the defendant. Recovery was sought on the ground of nuisance and also under § 52-559 of the General Statutes, which provides that "[a]ny person who sets fire on any land, that runs upon the land of any other person, shall pay to the owner all damages done by such fire." The court concluded that the dump was a nuisance and that the defendant was also liable under the statute. It awarded damages to both plaintiffs on both grounds. The defendant has appealed from the judgment, claiming corrections in the finding and that the court erred in its ultimate conclusions of fact and in overruling the defendant's claims of law. The questions presented by the appeal are whether the dump was a nuisance, whether the defendant was liable under the statute, and whether conditions existing on the property of the plaintiff Marchitto were such an intervening cause as to supersede any wrongful act of the defendant as a proximate cause of that plaintiff's damage.

The trial court found that the plaintiff Marchitto owned a one-story cinder-block commercial garage, containing items of personal property, on the east side of a public street in West Haven. His property was the most northerly of a row of ten residence and business buildings running along the east side of the street. The third building south of Marchitto's garage was the radio control station of the plaintiff Triangle Publications, Inc. A coaxial cable ran from the station. Behind the row of buildings was an embankment varying in height from ten to fifteen feet at its southerly end to twenty-five to thirty feet at the rear of the Marchitto garage. To the east of this bank lay many acres of marsh grass through which several creeks, three or four feet wide, ran to a river on the east.

In this marshland, about 3500 feet south of Marchitto's property and 200 to 300 feet east of the rear of the most southerly of the buildings on the highway, the defendant maintained a town dump about twelve to fifteen acres in area. The dump site had been established in 1952, and from then until the date of the plaintiffs' damage, the defendant had used the site for the deposit of rubbish which it collected as a service to the residents of the town. Members of the public were also freely permitted to deposit debris and trash in the dump, including a company which dumped scrap rubber which smoldered stubbornly. The defendant employed a superintendent who visited the site about twice a day, an attendant to direct dumping operations, and a bulldozer operator. The latter two employees were on duty from 8 a.m. to 4 p.m., from Monday through Friday in each week.

The court also found that for five years it had been the practice of the defendant to have its dump attendant burn the trash deposited in the dump. Water from a hydrant, fire extinguishers and a small pump attached to a hose fed by a brook were available for fire fighting. In addition, the bulldozer was used to cover with dirt any fire which broke out or to dig a firebreak. Unattended smoldering fires of long duration and common frequency had occurred at the dump ever since 1953, and many fires had been caused in the adjacent marshland by sparks from fires on the dump. Fire apparatus had been called to the dump to extinguish twenty-two fires in the fourteen months prior to March 24, 1957, and the town fire marshal had considered the dump a fire hazard ever since 1953. At 11:15 in the morning of April 25, 1957, a fire was burning in the dump when the bulldozer operator left for lunch.

When he returned from lunch, a large fire was burning in the marsh grass, fanned by a wind which was blowing from the south at twenty-five to thirty miles an hour. The dump fire burned over the marshland to the north of the dump, damaging the coaxial cable of the plaintiff Triangle Publications as well as the plaintiff Marchitto's garage and personal property. The fire reached to, but did not burn, other property along the highway, and did not mount the embankment except at the Marchitto property.

From these facts, the court concluded that the fire which damaged the plaintiffs' properties originated in the town dump from a fire set by the defendant, that the dump was a nuisance, and that conditions on Marchitto's land were not a substantial factor in contributing to his loss.

The conclusion that the fire was set by the defendant is not supported by the subordinate facts, and consequently the judgment, so far as it allows recovery under § 52-559 of the General Statutes, is erroneous. In no other respect is the finding subject to correction. We have construed § 52-559 as requiring not alone that the fire must have originated on the defendant's land but that it must have been set by the defendant or caused by him to be set. *Petrillo* v. *Bess,* 149 Conn. 166, 170, 179 A.2d 600. The trial court found that employees of the defendant were at the dump when the fire which caused the damage was burning. There is, however, no finding that they set the fire. Nor is it a proper inference that the defendant had caused the fire to be set because it permitted members of the public, who may have set the fire, to have free access to the dump. It is true that, being in control of the dump, the defendant had the duty of protecting the

plaintiffs, not only by restricting the setting of fires but also by taking means to enforce the restriction. *Wheaton* v. *Putnam,* 126 Conn. 330, 335, 11 A.2d 358. The failure to perform this duty, if in fact there was such a failure, would not, however, constitute the affirmative act of causing the fire which is required for recovery under the statutory cause of action.

The court also allowed recovery on the ground that the plaintiffs' damage arose from a nuisance created and maintained by the defendant. It is well established that a town may be held liable for injury resulting from a nuisance created and maintained by it. *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499; *Mootry* v. *Danbury,* 45 Conn. 550, 556; *Wheaton* v. *Putnam,* supra; see *Carabetta* v. *Meriden,* 145 Conn. 338, 340, 142 A.2d 727; *Beckwith* v. *Stratford,* 129 Conn. 506, 510, 29 A.2d 775. "The essential element of nuisance is a continuing inherent or natural tendency to create danger and inflict injury," and where, as in this case, the use of land is involved, "it must appear not only that the condition by its very nature is likely to cause injury but also that the use is unreasonable or unlawful." *Chazen* v. *New Britain,* 148 Conn. 349, 355, 170 A.2d 891. Whether, under all the relevant circumstances, the condition amounted to a nuisance was a question of fact to be determined by the trial court, and if the court's conclusion was reasonably reached, it is not subject to change by us. *Balaas* v. *Hartford,* 126 Conn. 510, 514, 12 A.2d 765. We are not able to say that the court's conclusion that the condition described amounted to a nuisance is not one which it could reasonably reach. The picture presented of this extensive acreage of marsh grass, embracing a dump located only 200 to 300 feet in

the rear of a row of buildings on a public highway, freely open to the public, unattended after 4 p.m. on five days of the week, not found to be attended at all on the weekend, often the site of unattended, smoldering fires, with fires from it causing many fires in the adjacent marshland, frequently in recent months the object of attention by fire fighting equipment, and considered a fire hazard by the town fire marshal for at least four years, supports the court's conclusion that the situation amounted to a nuisance.

The causation issue sought to be raised by the defendant rests on its effort to have added to the finding as an admitted or undisputed fact that the fire ascended the bank behind Marchitto's property because of an accumulation of inflammable debris and oil-soaked soil at the rear of the garage. A fact is not admitted or undisputed merely because a witness testifies to it and no one denies it, for it is the province of the trial court to determine the credence to be given to the testimony. *Morse* v. *Morse*, 128 Conn. 138, 139, 20 A.2d 730. Since the finding cannot be corrected as the defendant would have it, the claim of the defendant on this element of the case must fail. The only facts found by the court relevant to the issue are that the fire reached to other structures along the highway but did not attack them, and the only place it climbed the embankment was at the Marchitto property.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment in accordance with that rendered by the trial court so far as it found for the plaintiffs on the first and fifth counts, but finding the issues on the second and sixth counts for the defendant.

In this opinion the other judges concurred.