[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike the third and fourth counts of the amended complaint, which the plaintiff revised after a previous motion to strike was granted by the court for failure to allege that the condition called a nuisance by the plaintiff was both created and maintained by the defendant municipality. The defendants contend that the amended complaint does not cure the problem.
With a motion to strike all of the facts alleged in the complaint and facts necessarily implied from the allegations in it are accepted as true, and the complaint is construed in the manner most favorable to the pleader Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37. A municipality may be held liable on the theory of nuisance only if the condition constituting was both created and maintained by the municipality. Lukas v. New Haven, 184 Conn. 205, 209; Wright v. Brown, 167 Conn. 464, 470; Brown v. Branford,12 Conn. App. 106. The fact that the nuisance results from the discharge by the municipality of governmental functions does not prevent liability. Peterson v. Oxford, 189 Conn. 740,748, 749. A nuisance is a condition, the natural tendency of which is to create danger and inflict injury upon person or property. Dingwell v. Litchfield, 4 Conn. App. 621, 624; Kostyal v. Cass, 163 Conn. 92, 99. The defendant's motion to strike does not challenge the amended complaint on grounds that the condition complained of was not a nuisance. Id., 99, 100; State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183. The defendants only claim that the complaint is defective because it does not allege that the condition was created by the municipality. Accordingly, this is the only ground considered by the court.
Paragraph three of the third and fourth counts as amended alleges that the defendant, City of Derby, maintained the baseball field where the plaintiff was injured "and CT Page 2115 erected the fence between the batter's box and the spectator's bleachers and maintained said fence." Paragraph five alleges that the condition of the hole in the fence was likely to cause danger and inflict injuries, and paragraph nine claims that as a result of the nuisance created by the defendant the plaintiff suffered injuries and losses. Construing the complaint most favorably to the plaintiff, the third and fourth counts state a cause of action against a municipality for nuisance. Paragraph three claims that the defendant erected the fence and maintained it. At the time of trial this may not prove to be factually correct, but that is not an issue which can be resolved on a motion to strike.
The motion to strike is denied.
ROBERT A. FULLER, JUDGE