[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
This is an action for damages and injunctive relief brought by plaintiffs William and Josephine LiBrandi against the City of Stamford to recover for injuries allegedly suffered when a sewer backed up onto plaintiffs' property. In a four count revised complaint plaintiffs allege that the defendant City of Stamford is charged with the proper care and maintenance of the streets within the city limits, and incidental to this duty, the proper installation, care and maintenance of the sewer system. The plaintiffs own real property, including their residence, on Ledge Lane, a public highway in the City of Stamford.
Plaintiffs allege that the defendant negligently and carelessly constructed and maintained the sewer so that it discharged refuse, filth and water onto their property. Further, in violation of its duty, the City neglected and omitted to keep the sewer in good and sufficient repair and to prevent it from becoming clogged and obstructed but permitted the sewer to become out of repair and weakened and to become clogged and obstructed by sewage and other matter flowing through it. By I reason of this alleged negligence, on September 8, 1988 the sewer became obstructed and sewage was discharged into plaintiffs' premises. At all times mentioned, the defendant is alleged to have had actual knowledge and notice of the defective and obstructed condition of the sewer, or such condition had existed for so long that in the exercise of due care and on proper inspection, the defendant could and should have had such knowledge and notice.
In the first count (negligence), the plaintiffs claim that they have already expended, and will be compelled in the future to spend, considerable sums to remedy the damage to their property. They allege that the value of that property has been reduced because of the condition of the sewer and the damage caused by that condition, and that if the defendant's wrongful acts are allowed to continue, plaintiffs' land and property will suffer irreparable injury. In the second count plaintiffs allege that the negligence of the defendant in failing to inspect and clean the sewer resulted in the creation of a nuisance, and as a result they suffered and continue to suffer mental and emotional anguish. In the third count plaintiffs allege that the defendant has a duty of proper care of the sewer system in violation [sic] of Conn. Gen. Stat. 22a-149 (defective highway) and violated Conn. Gen. Stat. 22a-427 (water pollution control) by negligently and carelessly constructing and maintaining the sewer so that it discharged sewage onto plaintiffs' property. In this count plaintiffs again allege irreparable harm to their property. CT Page 2058 In the fourth count plaintiffs allege that defendant's violation of Conn. Gen. Stat. 22a-427 resulted in the creation of a nuisance, and they suffered and continue to suffer mental and emotional anguish. In their prayer for relief plaintiffs seek money damages and an injunction requiring the defendants to repair the drainage system.
The defendant has filed a motion to strike each of the four counts of the complaint, as well as the claim for injunctive relief in the prayer for relief, and has filed a memorandum of law in support of the motion. The plaintiffs have filed a memorandum in opposition.
A motion to strike tests the legal sufficiency of a pleading and any prayer for relief therein. Conn. Practice Bk. 152, a motion to strike admits all well-pleaded facts, Ferryman v. Groton, 212 Conn. 138, 142 (1989), and the court should construe those facts in the light most favorable to the pleader, Levenstein v. Yale University, 40 Conn. Sup. 123, 125 (1984).
The First Count
Defendant moves to strike the first count on the ground that the City is immune from liability because the operation and maintenance of a municipal sewage system is a governmental function. This issue was addressed in Spitzer v. Waterbury,113 Conn. 84 (1931), at 88 wherein the court stated "The work of constructing drains and sewers, as well as that of keeping them in repair, is ministerial, and the municipality is responsible for negligence in its performance." A municipality is immune from liability for the performance of governmental acts, but not ministerial acts, Evon v. Andrews, 211 Conn. 501, 505 (1985). It. is the opinion of the court that the majority rule supports imposing liability on a municipality for negligence in the construction or maintenance of a sewer system.
 While a grant of power to a municipal corporation to construct sewers and drains does not require it to do so, if it does exercise the power conferred, it is bound to use ordinary care or exercise due diligence to keep the sewers and drains it constructs in proper condition and repair and free from obstructions, and will be held liable for damages to property resulting from its failure to do so, or may be enjoined from maintenance of improper conditions where circumstances warrant. However, the city is not liable for damages which could not be guarded against by the exercise of reasonable care, such as an unprecedented rain. Knowledge of the obstructed condition of sewer or drain, is necessary to render it liable. CT Page 2059
11 McQuillen, Municipal Corporations 31.33 (3d Ed. 1983); See also 53.22g, 53.121, 53.125 (constructing and maintaining sewers and drains is ministerial and municipality may be liable for negligence related thereto). It is found that plaintiffs have sufficiently pled negligence in the construction and maintenance of the sewer, the breach of a ministerial duty, and therefore the claim in the first count is not barred by governmental immunity and the motion to strike this count is denied.
The Claims of Nuisance in Counts Two and Four
The defendant moves to strike counts two and four on the ground that they fail to allege the creation of a nuisance by an identified positive act.
"It is well established that a town may be held liable for injury resulting from a nuisance created and maintained by it." Marchitto v. West Haven, 150 Conn. 432, 437 (1963).
 A nuisance has been described as a condition, the natural tendency of which is to create danger and inflict injury upon person or property. Kostyal v. Cass, 163 Conn. 92, 99, 302 A.2d 121 (1972); Wright Fitzgerald, Conn. Law of Torts 128, p. 288. "To establish a nuisance four elements must be proven: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable of unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36, 404 A.2d 889 (1978). These elements are required in a nuisance action against a town as well as against a private individual. Id., 35-37; DeLahaunta [DeLahunta] v. Waterbury, supra, 634-35.
Dingwell v. Litchfield, 4 Conn. App. 621, 624-25 (1985); see also Quinnett v. Newman, 213 Conn. 343 (1990). Liability of a municipality is only found where the condition alleged to be a nuisance was created by a positive act of the municipality, Lukas v. New Haven, 181 Conn. 205, 209 (1981).
The defendant argues that plaintiffs have only alleged non-feasance, not any positive act that caused the overflow or leakage. Plaintiffs argue that they have alleged positive acts, to wit, that "Defendant negligently and carelessly constructed and maintained the sewer so that it discharged refuse, filth and water." It is found that plaintiffs' allegations, read in the light most favorable to them, are allegations of a "positive CT Page 2060 act," and therefore the motion to strike the nuisance claims in counts two and four, on the ground cited by the defendant, is denied.
Counts Three and Four — Statutory Causes of Action
Although the theories of liability on which plaintiffs wish to recover in the third and fourth counts are not entirely clear, it is the court's opinion that apparently recovery is sought in the third count under Conn. Gen. Stat. 13a-149 for a defective highway, and in the fourth count for a negligently created nuisance as a result of a violation of Conn. Gen. Stat. 22a-427. The defendant moves to strike the third count on the ground that it is legally insufficient in that 13a-149 does not provide a remedy for damages allegedly resulting to premises as a result of a sewer back-up. The defendant moves to strike the fourth count on the ground that Conn. Gen. Stat. 22a-427 does not create a cause of action and is inapplicable to the facts as plead.
1. Count Three
In this count the plaintiffs allege that incidental to its I duty of proper care and maintenance of the city's streets, the city had a duty of proper installation, care and maintenance of the sewer system. They allege that their property is situated on a street that is a public highway within Stamford, that the sewer became obstructed, that the city knew or should have known of this defective condition, and that the damage resulted therefrom. The defendant argues in its memorandum that an allegedly defective sewer system does not constitute a defective highway within the meaning of the statute, but even if it did, there is no allegation that plaintiffs were travelers on the highway. Plaintiffs have not briefed this issue.
Conn. Gen. Stat. 13a-149 imposes liability upon a municipality for injuries or damages caused by defective highways, bridges or sidewalks. Ryszkiewicz v. City of New Britain, 193 Conn. 589 (1984). It is the breach of a statutory duty, not negligence, which forms the basis for liability. Lamb v. Burns, 202 Conn. 158, 175 (1987). "It is settled law that the statutory right of action is given only to a traveler on the road or sidewalk alleged to be defective." Tuckel v. Argraves,148 Conn. 355, 358 (1961). In the present case, plaintiffs have not alleged that they were travelers on the highway, nor have they alleged facts to indicate how the allegedly defective sewer system constitutes a defective highway. It is therefore found that the third count fails to state a cause of action under Conn. Gen. Stat. 13a-149, and is stricken on that ground.
2. Count Four CT Page 2061
The fourth count alleges the following facts. The defendant, a public corporation, is charged with the proper care and maintenance of the city's streets, and incidental to that duty, the proper care and maintenance of the sewer system. The plaintiffs own property in Stamford which contains their residence. The defendant negligently and carelessly constructed a sewer so that it discharged refuse, filth and water onto the plaintiffs' property, in violation of Conn. Gen. Stat. 22a-427. The defendant neglected and omitted to keep the sewer in good and sufficient repair and to prevent it from becoming clogged and obstructed, but permitted the sewer to become out of repair and weakened and to become clogged and obstructed by sewage and other matter flowing through it. Because of this alleged negligence, the sewer became obstructed, which resulted in sewage being discharged in and upon the plaintiffs' premises, causing damages. Because of this negligence the sewer became clogged so that it steadily discharged sewage onto the plaintiffs' property, creating a nuisance. As a result, plaintiffs have suffered and continue to suffer mental and emotional anguish. The defendant argues in its memorandum of law that Conn. Gen. Stat. 13a-427 does not create a cause of action separate from the allegations of negligence and nuisance in counts one and two, and further, that plaintiffs have failed to allege facts which would bring this I action within the scope of that section. Plaintiffs have not briefed the issue.
Conn. Gen. Stat. 22a-427, contained in Chapter 446K entitled "Water Pollution Control" provides that no person or municipality shall cause pollution of any of the waters of the state or maintain a discharge of any treated or untreated wastes in violation of any provision of this chapter. Conn. Gen. Stat.22a-23 defines "waters" to mean all tidal waters, harbors, estuaries, rivers, brooks, watercourses, waterways, wells, springs, lakes, ponds, marshes, drainage systems, and all other surface of underground streams, bodies or accumulations of water, natural or artificial, public or private, which are contained within, flow through or border upon this state or any portion thereof; and defines "discharge" to mean the emission of any water, substance or material into the waters of the state, whether or not such substance causes pollution. The fourth count contains no allegation that the "waters of the state" as defined in the statute were affected by the conduct of the defendant. Plaintiffs allege only that sewage was "discharged in and upon the plaintiffs' premises." It is found that such an allegation is not an allegation of a violation of 22a-427, and the fourth count therefore fails to state a claim for relief under that section.
Claims for Emotional Distress CT Page 2062
Both the second and fourth counts contain the allegation that plaintiffs suffered and continue to suffer emotional distress. Defendant moves to strike these counts on the ground of legal insufficiency.
To state a claim for unintentionally-caused emotional distress, the plaintiff must plead that "`the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm.'" Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345 (1978) quoted in Morris v. Hartford Courant Co., 200 Conn. 676, 683
(1986). Recovery on such a claim, however, does not depend on proof of physical injury or a risk of harm from physical impact. Morris, 200 Conn. at 683. Neither count challenged by defendant alleges the elements of this cause of action, and research reveals no Connecticut cases specifically allowing recovery for emotional distress resulting from an injury solely to property. However, "[i]f a count in a complaint purports to set out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not reach all of the causes of action pleaded." Wachtel v. Rosol, 159 Conn. 4096, 499 (1970). It is found that both the second and fourth counts purpose to set out more than one cause of action. Because the second count sufficiently states a claim for nuisance, it is found that the paragraph containing the allegations of emotional distress are not subject to the motion to strike on the ground cited by the defendant. Insofar as the motion on this ground is addressed to the fourth count, it is found that because that count fails to state a legally cognizable claim under Conn. Gen. Stat. 22a-427, and also fails to state a claim for emotional distress, it should be stricken.
The Claim for Injunctive Relief
In their prayer for relief plaintiffs seek an injunction requiring the defendant to repair the drainage system. Defendant moves to strike this claim on the ground that it is legally insufficient in that plaintiffs have not alleged sufficient facts to justify their claim of irreparable harm.
An injunction is an extraordinary equitable remedy. Hartford v. American Arbitration Association, 174 Conn. 472, 476
(1978). "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." Id. The plaintiffs have the burden of establishing their right to equitable relief. Gorra Realty, Inc. v. Jetmore, 200 Conn. 151, 165 (1986). It is found that plaintiffs have not alleged that they lack an adequate remedy at CT Page 2063 law, or facts to support their claim of irreparable harm. It is therefore found, that the claim for an injunction in the prayer for relief should be granted.
The motion to strike is granted as to counts three, four, and the claim for injunctive relief, and denied as to counts one and two.
JOHN J. P. RYAN, JUDGE.