******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

RANDALL CHAPNICK ET AL. *v.*
BRIDGET DILAURO ET AL.
(AC 43128)

Bright, C. J., and Alvord and Lavine, Js.

*Syllabus*

The plaintiffs brought an action for, inter alia, nuisance, against several of
their neighbors, alleging that the neighbors encouraged and allowed
their dogs to urinate and defecate near the windows of the plaintiffs'
condominium properties and that several neighbors, including the defendants F and P, made false or exaggerated statements to the police in an
investigation of the plaintiff R's interactions with some of his neighbors
related to the dog issues that led to his arrest. The trial court granted
the special motions filed by F and P, pursuant to Connecticut's anti-
SLAPP statute (§ 52-196a), to dismiss the counts of the complaint
asserted against them. On appeal, the plaintiffs claimed that the court
erred in dismissing the counts of the complaint against F and P alleging
nuisance. *Held* that, as F and P failed to satisfy their initial burden under
§ 52-196a as to the claims alleging nuisance, the trial court incorrectly
granted the special motions to dismiss as to those claims: the alleged
conduct of F and P, including walking a dog and allowing it to urinate
and defecate in a certain location and encouraging such behavior with
the dog, did not fit within the ambit of protected constitutional conduct
as defined by § 52-196a, which concerns the exercise of free speech,
the right to petition and the right of association; moreover, the alleged
conduct relating to the nuisance claims was not done in connection
with a matter of public concern, as the dispute did not relate to the
government, zoning, regulatory matters, a public official or figure, or
an audiovisual work, the location of the conduct did not relate to health
or safety, and the well-being of the community was not affected by
the conduct.

Argued January 20—officially released May 3, 2022

*Procedural History*

Action to recover damages for, inter alia, nuisance,
and for other relief, brought to the Superior Court in
the judicial district of New Haven, where the court,
*S. Richards, J.*, granted the special motions to dismiss
filed by the defendants Cynthia Flaherty and John
Popolizio, Jr., and rendered judgment thereon, from
which the plaintiffs appealed to this court; thereafter,
the action was withdrawn as against the named defendant et al.; subsequently, this court granted the motion
to substitute Dominica M. Chapnick, administratrix of
the estate of Randall Chapnick, for the named plaintiff.
*Affirmed in part*; *reversed in part*; *judgment directed.*

*Robert M. Frost, Jr.*, with whom, on the brief, was
*Erica A. Barber*, for the appellants (plaintiffs).

*Maureen E. Burns*, with whom was *John E. Ranges*,
for the appellees (defendants Cynthia Flaherty and John
Popolizio, Jr.).

*Opinion*

LAVINE, J. The plaintiff Dominica Chapnick, individually and as administratrix of the estate of Randall Chapnick,[1] appeals from the portion of the judgment of the trial court dismissing, pursuant to Connecticut's anti-SLAPP[2] statute, General Statutes § 52-196a, the counts of the complaint against the defendants Cynthia Flaherty and John Popolizio, Jr.,[3] alleging nuisance and seeking injunctive relief. We reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our analysis. In November, 2018, Dominica Chapnick and Randall Chapnick (Chapnicks) commenced the present action against the defendants and several other neighbors. In the complaint, the Chapnicks alleged against both defendants causes of actions of nuisance, as to which they sought compensatory and punitive damages and injunctive relief.[4] In particular, counts 26, 32, 71, and 77 of the complaint alleged that the defendants' acts constituted a nuisance for which the plaintiffs were entitled to damages. Counts 31, 34, 76, and 79 alleged the same acts as were alleged in the nuisance counts and claimed entitlement to injunctive relief. The Chapnicks also alleged against the defendants claims of intentional infliction of emotional distress, as to which they sought compensatory and punitive damages. In addition, Randall Chapnick alleged against both defendants claims of malicious prosecution, false imprisonment, and civil conspiracy, as to which he sought compensatory and punitive damages. The allegations underlying the nuisance claims were as follows. The parties resided at the Harbour Landing Condominium complex in New Haven. The Chapnicks owned three condominium units, residing in one and renting the remaining two units. Flaherty, who lived in a nearby unit, allegedly allowed her dog to urinate and defecate on the lawn near the windows of the Chapnicks' three condominium units, despite having been asked by Randall Chapnick numerous times to stop permitting this. Popolizio, also a neighbor of the Chapnicks, allegedly encouraged one or more residents of the condominium complex to bring their dogs to urinate and defecate on the lawn near the windows of the Chapnicks' units. The remaining counts of the complaint were based on the following additional allegations. Because Flaherty wanted to continue to bring her dog to urinate and defecate on the lawn near the Chapnicks' condominium units and because Popolizio wanted to support such behavior and because they both wanted to stop Randall Chapnick from complaining about their conduct, the defendants intentionally made false and/or exaggerated statements to the police in order to have Randall Chapnick arrested. New Haven police officers arrested Randall Chapnick for stalking in the second degree in violation of General Statutes

§ 53a-181d and breach of the peace in the second degree in violation of General Statutes § 53a-181, which charges ultimately were dismissed.

In November, 2018, the defendants separately filed, pursuant to § 52-196a (b),[5] special motions to dismiss the counts of the complaint asserted against them. The defendants argued that the counts of the complaint against them should be dismissed because the action was a SLAPP suit seeking to punish them for having made statements to the police in connection with a criminal investigation, which statements were protected communications made in connection with a matter of public concern. In support of their respective special motions to dismiss, both defendants attached a police report regarding a breach of the peace complaint made by another resident of the condominium complex, Bridget DiLauro, against Randall Chapnick for having approached her on more than one occasion in a "very aggressive manner" in response to her having walked her dog near the windows of his condominium units on what DiLauro described as a "dog run." According to the police report, Popolizio informed the investigating officer that, in March, 2016, he told Randall Chapnick to "back off" from a verbal confrontation with DiLauro concerning the location in which she walked her dog. Popolizio stated that Randall Chapnick then "got in his face" momentarily and walked away while continuing to "yell about dog urine and feces."

The police report further indicated that Flaherty informed the investigating officer that, in September, 2015, Randall Chapnick started "screaming" at her for "walking her dog on the same dog run" that DiLauro had used. In affidavits attached to their respective special motions to dismiss, both defendants stated that, after they provided statements to the police, Randall Chapnick threatened them with litigation. The Chapnicks filed oppositions to the special motions to dismiss. In an affidavit attached to the opposition to Flaherty's motion, Randall Chapnick stated that Flaherty was in the habit of allowing her dog to urinate and defecate on the lawn near the windows of his condominium units, which was not designated as a "dog run," and that the last time he interacted with Flaherty was in September, 2015, but that she continued to walk her dog in the same area despite his repeatedly having asked her to not to do so.

On June 17, 2019, the court, *Richards, J.*, issued a memorandum of decision on the defendants' special motions to dismiss. The court reasoned that the defendants "made an initial showing that, after the court's examination of the complaint, supporting and opposing affidavits, they were exercising their rights, by a preponderance of the evidence, of free speech, the right to petition the government, and/or the right of association under the constitution of the United States or the consti-

tution of the state of Connecticut with a matter of public concern during a police investigation relating to the plaintiff Randall Chapnick . . . ." The court granted the motions and dismissed all the counts of the complaint against the defendants. This appeal followed.

The plaintiff claims that the court incorrectly granted the defendants' special motions to dismiss as to the nuisance claims.[6] The plaintiff argues that the court incorrectly concluded that the defendants satisfied the initial burden of showing that those claims were based on the defendants' exercise of their right of free speech, right to petition the government, or right of association under the federal or state constitution in connection with a matter of public concern.[7] We agree.

The following relevant legal principles guide our analysis. Connecticut's anti-SLAPP statute provides a mechanism for early dismissal of SLAPP suits by way of a special motion to dismiss. See General Statutes § 52-196a (b). Section 52-196a (e) (3) provides in relevant part: "The court shall grant a special motion to dismiss if the moving party makes an initial showing, by a preponderance of the evidence, that the opposing party's complaint . . . is based on the moving party's exercise of its right of free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, unless the party that brought the complaint . . . sets forth with particularity the circumstances giving rise to the complaint . . .  and demonstrates to the court that there is probable cause, considering all valid defenses, that the party will prevail on the merits of the complaint . . . ." According to § 52-196a (e) (2): "When ruling on a special motion to dismiss [filed pursuant to the anti-SLAPP statute], the court shall consider pleadings and supporting and opposing affidavits of the parties attesting to the facts upon which liability . . . is based." "A special motion to dismiss filed pursuant to § 52-196a . . . is not a traditional motion to dismiss based on a jurisdictional ground. It is, instead, a truncated evidentiary procedure enacted by our legislature in order to achieve a legitimate policy objective, namely, to provide for a prompt remedy." *Elder* v. *Kauffman*, 204 Conn. App. 818, 824, 254 A.3d 1001 (2021).

Our review of the court's conclusion that the initial burden was satisfied involves a question of whether certain alleged conduct falls within the ambit of the anti-SLAPP statute. In general, whether conduct falls within the province of a statute is a matter of statutory construction presenting a question of law over which our review is plenary. See, e.g., *Sandella* v. *Dick Corp.*, 53 Conn. App. 213, 226, 729 A.2d 813, cert denied, 249 Conn. 926, 733 A.2d 849 (1999).

The nuisance claims are based on allegations that Flaherty brought her dog to urinate and defecate near

the windows of the Chapnicks' condominium units, a behavior that Popolizio allegedly encouraged one or more residents to engage in, resulting in an interference with the Chapnicks' use and enjoyment of their property and with the quality of their lives. As to the nuisance claims against Flaherty, the Chapnicks further alleged that they "do not want to have feces residue and soaked in urine on the lawn beneath the windows" of their condominium units.

We note that "[a] private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. . . . The law of private nuisance springs from the general principle that [i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor. . . . The essence of a private nuisance is an interference with the use and enjoyment of land."[8] (Citations omitted; internal quotation marks omitted.) *Pestey* v. *Cushman*, 259 Conn. 345, 352, 788 A.2d 496 (2002).

The alleged private nuisance of a neighbor walking a dog and permitting it to relieve itself in a location that is disagreeable to another neighbor, while a third neighbor encourages such behavior, does not fit within the ambit of protected constitutional conduct as defined by the anti-SLAPP statute. The anti-SLAPP statute concerns the exercise of the right of free speech, the right to petition, and the right of association. See General Statutes § 52-196a. According to the definitions provided in § 52-196a (a), "(2) 'Right of free speech' means communicating, or conduct furthering communication, in a public forum on a matter of public concern; (3) 'Right to petition the government' means (A) communication in connection with an issue under consideration or review by a legislative, executive, administrative, judicial or other governmental body, (B) communication that is reasonably likely to encourage consideration or review of a matter of public concern by a legislative, executive, administrative, judicial or other governmental body, or (C) communication that is reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, administrative, judicial or other governmental body; (4) 'Right of association' means communication among individuals who join together to collectively express, promote, pursue or defend common interests . . . ." General Statutes § 52-196a (a). Specifically, the conduct on which the nuisance claims in the present case is based does not involve: a communication in a public forum; any communication that is in connection with, reasonably likely to encourage, or reasonably likely to enlist public participation to effect an issue under consideration or review by a government body; or communication among individuals who join together to collectively express, promote, pursue or defend common interests. Although the United States Supreme Court in *Dallas* v.

*Stanglin*, 490 U.S. 19, 25, 109 S. Ct. 1591, 104 L. Ed. 2d 18 (1989), stated that "[i]t is possible to find some kernel of expression in almost every activity a person undertakes—for example, walking down the street or meeting one's friends at a shopping mall—but such a kernel is not sufficient to bring the activity within the protection of the [f]irst [a]mendment," it is difficult to discern in the present case even such a kernel of expression in the dispute between neighbors regarding the location at which a dog relieves itself.

Additionally, the second requirement of the initial burden that the conduct be done in connection with a matter of public concern also is not satisfied. Section 52-196a (a) (1) defines a " 'matter of public concern' " as "an issue related to (A) health or safety, (B) environmental, economic or community well-being, (C) the government, zoning and other regulatory matters, (D) a public official or public figure, or (E) an audiovisual work . . . ." First, it needs no further elaboration that, according to the plain and unambiguous language of the statute,[9] the dispute in the present case between neighbors does not relate to the government, zoning and other regulatory matters, a public official or public figure, or an audiovisual work. Second, the location in which the dog walking and relieving occurs, namely, whether a dog is walked near the windows of the Chapnicks' condominium units or on some other lawn, does not relate to health or safety except, perhaps, in the most attenuated way. Finally, although the location in which a dog is walked may relate to the well-being of the Chapnicks themselves, who allege an interference with their use and enjoyment of land and with the quality of their lives, any well-being is personal to the Chapnicks and does not involve the well-being of the community.

The defendants' counsel admitted at oral argument before this court that, if the complaint sounded only in nuisance, then the anti-SLAPP statute would not apply. The defendants, however, argue that the court correctly determined that the first prong of the anti-SLAPP statute was satisfied because the complaint was brought in retaliation for the defendants having assisted in a criminal investigation and because Randall Chapnick threatened them with litigation after they gave statements to the investigating officer. We are not persuaded.

According to the statutory language of § 52-196a (e) (3), the initial showing is satisfied when the moving party shows, by a preponderance of the evidence, that the complaint is *based on* the moving parties' exercise of certain constitutional conduct in connection with a matter of public concern. The alleged act of threatening litigation prior to filing a complaint does not mean that the nuisance counts were *based on* such threats, and that the complaint arguably was filed in retaliation for the defendants having assisted in a criminal investiga-

tion does not mean that the nuisance claims were *based on* the conduct that arguably spurred such retaliatory motives.[10] Not every matter with secondary legal aspects involves a matter of public concern. The first prong of the anti-SLAPP statute is not satisfied in the present case where the nuisance claims were based on the unprotected conduct of walking a dog in a location that is disagreeable to another neighbor, and the encouragement of such behavior, which unprotected conduct was not done in connection with a matter of public concern. Accordingly, because the defendants have not satisfied their initial burden under the anti-SLAPP statute as to the nuisance claims, we conclude that the court incorrectly granted the special motions to dismiss as to those claims.

In short, the claims for nuisance concern what is a private dispute involving private interests. For the foregoing reasons, these claims do not fall within the ambit of the anti-SLAPP statute.

The judgment is reversed only with respect to the dismissal of counts 26, 31, 32, 34, 71, 76, 77, and 79 of the complaint against Cynthia Flaherty and John Popolizio, Jr., and the case is remanded with direction to set aside the dismissal; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] Pursuant to General Statutes § 52-599, Dominica Chapnick filed a suggestion of death in October, 2021, regarding Randall Chapnick, and in November, 2021, filed a motion to substitute in place of the deceased, Dominica Chapnick as the administratrix of his estate. The trial court granted the motion.

[2] "SLAPP is an acronym for strategic lawsuit against public participation, the distinctive elements of [which] are (1) a civil complaint (2) filed against a nongovernment individual (3) because of their communications to government bodies (4) that involves a substantive issue of some public concern. . . . The purpose of a SLAPP suit is to punish and intimidate citizens who petition state agencies and have the ultimate effect of chilling any such action." (Internal quotation marks omitted.) *Lafferty* v. *Jones*, 336 Conn. 332, 337 n.4, 246 A.3d 429 (2020), cert. denied,      U.S.     , 141 S. Ct. 2467, 209 L. Ed. 2d 529 (2021).

[3] The complaint also listed as defendants Christopher Elgee, Sandra Elgee, Hannah Bosworth, Melody Hawkins, and Mary Ellen DiLauro, individually and as the executrix of the estate of Vincent DiLauro, and the action was later withdrawn as to each of them. Flaherty and Popolizio will be referred to collectively as the defendants and individually by name, where appropriate.

[4] Although the Chapnicks assert separate counts of their complaint against each defendant "for injunctive relief," injunctive relief is a remedy and not a cause of action. Furthermore, the counts seeking injunctive relief allege that the defendants' "acts are a nuisance." We thus treat the Chapnicks' counts for injunctive relief as merely restatements of their nuisance claims.

[5] General Statutes § 52-196a (b) provides: "In any civil action in which a party files a complaint, counterclaim or cross claim against an opposing party that is based on the opposing party's exercise of its right of free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, such opposing party may file a special motion to dismiss the complaint, counterclaim or cross claim."

[6] The plaintiff does not challenge on appeal the court's granting of the special motions to dismiss as to the remaining counts of the complaint against the defendants. See footnote 4 of this opinion.

[7] The plaintiff also argues, in the alternative, that the court failed to consider whether the second prong of the anti-SLAPP statute, concerning the existence of probable cause to prevail on the merits of the complaint, was

satisfied. Because we agree with the plaintiff that the defendants have not satisfied their initial showing with respect to the nuisance claims; see footnote 4 of this opinion; we do not address this issue.

[8] "To establish a nuisance four elements must be proven: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." (Internal quotation marks omitted.) *Dingwell* v. *Litchfield*, 4 Conn. App. 621, 624, 496 A.2d 213 (1985).

[9] See *Gould* v. *Freedom of Information Commission*, 314 Conn. 802, 810, 104 A.3d 727 (2014) ("[w]hen construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature" (internal quotation marks omitted)); see also General Statutes § 1-2z.

[10] In the present case, the complaint involves a mix of allegations, wherein some causes of action, such as the nuisance claims, are based on unprotected conduct, while other causes of action, such as those stemming from the allegations in the malicious prosecution counts, are based on the defendants' communications with the police involving a criminal investigation, which conduct the trial court determined to be protected, a conclusion that the plaintiff does not challenge on appeal. The defendants' counsel, however, agreed at oral argument before this court that we must engage in a count by count analysis of the complaint when analyzing the plaintiff's claim on appeal, and we agree.

———————————————