CLIFFORD J. HEILIG *v.* LINDA B. LEQUIRE ET AL.
(2245)

HULL, BORDEN and DALY, Js.

Argued March 7—decision released May 21, 1985

*Richard C. Hannan, Jr.,* for the appellant (plaintiff).

*Sheila M. Press,* with whom, on the brief, was *Dominick J. Thomas, Jr.,* for the appellee (named defendant).

DALY, J. The plaintiff is seeking to enjoin the discharge of drainage water onto his land from adjacent land owned by the defendants. From the denial of that relief, the plaintiff has appealed.

The trial court found the following factual situation which does not appear to be disputed: In 1941, the plaintiff was the owner of a large tract of land in North Branford, which included 480 Village Street and lot No. 1 adjacent thereto. The plaintiff had a home built on 480 Village Street, which he occupied. In 1946, the plaintiff designed and installed a drainage system to carry water away from his house to and across lot No. 1, which is located to the west of the house. This system consisted of a four inch pipe which ran underground below 480 Village Street and halfway across lot No. 1, where it emerged and permitted the water to flow westward on the surface of lot No. 1. This system effectively solved the plaintiff's water problem.

In 1971, the plaintiff conveyed 480 Village Street to his son, while retaining the remainder of the property including lot No. 1. In 1977, the plaintiff was informed by the North Branford planning and zoning commission that the drainage pipe had to be removed before he could subdivide his land. The plaintiff then blocked the pipe, but the water still surfaced. The plaintiff's subsequent attempt to have his son pay to reroute the pipe over lot No. 1 failed. In January, 1978, the son sold 480 Village Street to the defendants.[1] The plaintiff had no success in inveigling the defendants into paying for rerouting the drainage pipe.

[1] Although the property is in both the defendants' names, apparently only the named defendant is participating in the appeal.

In April, 1982, the plaintiff removed the drainage pipe located on lot No. 1 and plugged it up at the property line between lot No. 1 and 480 Village Street. The defendants have done nothing to interfere with the drainage system or the topography of their land. Water still accumulates on lot No. 1. The plaintiff claimed that this constituted a nuisance which reduced the value of his land. He sought injunctive relief and monetary damages.

The trial court concluded that the plaintiff failed to prove the nuisance element of unreasonable or unlawful use of land by the defendants, and further concluded that an easement by implication existed over lot No. 1. The plaintiff challenges the trial court's conclusions.

"To establish a nuisance four elements must be proven: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." *Filisko* v. *Bridgeport Hydraulic Co.*, 176 Conn. 33, 35–36, 404 A.2d 889 (1978). The trial court found that the plaintiff had not sustained his burden of proof that the defendants' use of their land was unreasonable or unlawful.

Whether any of the above-mentioned elements is present so that a nuisance can be said to exist is a question of fact for the trier. *Kostyal* v. *Cass*, 163 Conn. 92, 100, 302 A.2d 121 (1972). There was sufficient evidence from which the trial court could have determined that the defendants' use of 480 Village Street was not unreasonable or unlawful. Among other facts are the former common ownership of both pieces of land by the plaintiff, the installation of the drainage system on both pieces by the plaintiff, and the defendants' con-

tinued usage of the premises without interfering with the drainage system or changing the configuration of the landscape. Unless there was an error of law or a legal or logical inconsistency with the facts found, the conclusion of the trial court must stand. *Johnson* v. *Fuller,* 190 Conn. 552, 556, 461 A.2d 988 (1983).

Since this is dispositive of the matter, it is unnecessary to consider the question of the easement by implication.

There is no error.

In this opinion the other judges concurred.