[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S MOTION TO STRIKE (FILE #105)
Defendant has moved to strike the second count of the complaint on the ground that it fails to state a cause of action in either private or public nuisance.
The complaint alleges that at all relevant times defendant was the owner of a bus terminal located at 409 Church Street, Hartford; that on or about October 10, 1987, at approximately 10:00 P.M., plaintiff was forced into the rear of an empty and unlocked Greyhound bus located at said terminal and was violently beaten and sexually assaulted by a male assailant; that defendant, its servants, agents or employees, knew or should have known that said terminal had been the scene of numerous robberies, assaults and other crimes of violence perpetrated against persons in the vicinity of the terminal, its parking lot, and private areas; and, that as a result of the incident, plaintiff suffered painful and serious physical injuries, permanent disabilities, and extreme psychological and emotional distress.
The first count of the complaint alleges that plaintiff's injuries were caused by the negligent and careless conduct of the defendant, its servants, agents and employees. The second count alleges nuisance; it alleges that defendant permitted, or failed to take action against individuals who by their violent nature posed a danger and threat to the health and welfare of the plaintiff. Further, that defendant "created and maintained a nuisance in that the presence on or about the premises of the aforementioned individual constituted a condition upon the premises which was inherently dangerous, and by its very nature, tended to endanger and injure persons, such as plaintiff, in the right to feel safe." Plaintiff alleges that defendant maintained a nuisance in one or more of the following ways: (A) in that defendant failed to lock the buses parked in the terminal area; CT Page 203 (B) in that defendant failed to adequately light the bus terminal and surrounding area; (C) in that defendant failed to provide adequate security or police surveillance, or video surveillance in order to protect persons, such as plaintiff, from crimes of violence occurring on its property, and to keep unauthorized persons from the building and surrounding area at 409 Church Street; and, (D) in that defendant knew, or in the exercise of reasonable care, should have known, of the aforementioned conditions and should have corrected them.
Defendant contends that the allegations of the second count are insufficient to support a cause of action for either private or public nuisance. Plaintiff does not purport to state a cause action for private nuisance; however, she maintains that the allegations contained in the second count set forth a viable cause of action for public nuisance.[1]
A motion to strike tests the legal sufficiency of the allegations of the complaint, or of any one or more of the counts thereof. Prac. Bk. Section 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In ruling on a motion to strike, the court's consideration is limited to the allegations set forth in the pleading, and those allegations must be construed in the manner most favorable to the pleader. Rowe v. Godou,209 Conn. 273, 278 (1988); Gordon v. Bridgeport Housing Authority, supra. In assessing the sufficiency of the allegations, that which may necessarily be implied from the language of the pleading need not be expressly alleged. Trichillo v. Trichillo,190 Conn. 774, 779 (1983); Wexler Construction Co. v. Housing Authority, 144 Conn. 87, 193 (1956). "If facts could necessarily be implied and fairly proven under the allegations which would support a cause of action . . ., the motion to strike must fail." Progressive Casualty Ins. Co. v. DiGanti [DiGangi], 4 Conn. App. 137,140-41 (1985).
To prevail on a claim of nuisance, a plaintiff must establish four elements: (1) the conditions complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and, (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages. Doe v. Manheimer, 212 Conn. 748, 755-56, fn. 4 (1989), Heilig v. LeQuire, 4 Conn. App. 125, 127 (1985). Whether any of these elements is present in order to establish a nuisance is a question of fact for the trier. Heilig v. LeQuire, supra. With respect to a public nuisance, a plaintiff also has the burden of proving that the condition or conduct complained of interfered with a right common to the general public. Doe v. Manheimer, supra; State v. Tippetts — Abbett — McCarthy — Stratton,204 Conn. 177, 183 (1987); Higgins v. Connecticut Light and Power CT Page 204 Co., 129 Conn. 606, 611 (1943)."Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, rights enjoyed by citizens as part of the public." Couture v. Board of Education, 6 Conn. App. 309, 314-15 (1986). "The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstance as to come within its influence." Id. at p. 315.
In Salomone v. Boulanger, 32 Conn. Sup. 115 (1975), the Court overruled defendants' demurrer (cause of action sounding in public nuisance) citing House v. Metcalf, 27 Conn. 631 (1858), stating: "House stands . . for the proposition that an occupier of land abutting a highway is under a duty not to do anything on that land that will increase the hazards normally encountered by travelers on the highway, even though there is no tangible invasion of the highway area as a result of the activity carried on by the abutting occupier. If those hazards are increased as a result of that activity, under the holding in House, that activity may be found to be a nuisance." 32 Conn. Sup. at p. 118. In Salomone, the plaintiff alleged that while riding a bicycle on a public highway, he sustained injuries as a result of a collision between the bicycle and an automobile; he further alleged that the defendant abutting landowner caused the collision by installing a fence, on which grew ivy and roses, at the intersection of the streets where the collision occurred; and, that the fence and shrubbery, interfering with vision and audibility, constituted an inherently dangerous condition having a natural tendency to inflict injury on users of the highway, thereby constituting a nuisance.
In Doe v. Manheimer, supra, the plaintiff alleged that she sustained injuries when she was abducted by an unknown assailant from a sidewalk in New London on to an unimproved area of abutting land and there forcibly raped and assaulted for approximately one-half hour; the plaintiff alleged that substantial overgrowth on the abutting land obscured the area from view from the adjacent sidewalks, roadways, and surrounding buildings, thereby causing and contributing to the assault and its duration by preventing its observance by persons in nearby buildings and streets. Citing the Salomone case, the lower court in Manheimer denied the motion to strike holding that the facts alleged, and the inferences which might reasonably be drawn therefrom, would permit a conclusion that the "overgrowth increased the hazards normally encountered by pedestrians on the sidewalk, and thereby violated public rights and produced a common injury." Doe v. Manheimer,2 CSCR 578 (1978).[2]
Plaintiff argues that her position is equivalent to that of CT Page 205 the plaintiffs in Salomone and Manheim; that is, unlike the plaintiffs in Higgins v. Connecticut Light and Power Co., supra, and Couture v. Board of Education, supra,[3] she was, at the time of the incident, exercising a right which she held as a member of the general public. cf. 6 Conn. App. supra at p. 316 (`" to be considered public, the nuisance must affect an interest common to the general public, rather than peculiar to one individual, or several.'"). Her opposing memorandum states: ". . . plaintiff Doe was walking on a public street "409 Church Street" pursuant to a public right of way [and] [t]hereafter . . . was caused to be forced into an unlocked bus located at 409 Church Street . . . and owned by defendant Transportation Leasing Company." Plaintiff's Memorandum of Law, 3/15/90 (File #107), p. 5. However, count two of the complaint does not allege that plaintiff was walking on a sidewalk or public thoroughfare at the time she was "forced into the rear of an empty and unlocked Greyhound bus located at defendant's bus terminal at 409 Church Street" and assaulted.[4]
Although plaintiff's brief states that the assault commenced on the public sidewalk, the complaint simply does not allege, specifically or implicitly, that plaintiff was exercising her public right to walk on a public sidewalk and was forced on to defendant's abutting property.[5] Absent such an allegation (similar to the statement contained on page 5 of her brief: "was walking on a public street pursuant to a public right of way . . . was caused to be forced into an unlocked bus at 409 Church Street . . . "), plaintiff has not sufficiently alleged that the injuries were sustained while exercising a public right; therefore, count two, as drafted, does not sufficiently allege a cause of action for public nuisance.
Defendant's motion to strike the second count of the complaint is hereby Granted.
MULCAHY, J.
Footnotes