[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint in this action has been brought by a student in the Newtown schools and his mother against the Town of Newtown and a gym teacher at one of the Town's schools for personal injuries sustained by the named plaintiff when his right thumb became caught in a basketball hoop during a gym class. The defendant Town has filed a motion to strike the sixth count of the complaint on the ground that it does not state a cause of action for public nuisance because the plaintiff was not exercising a public right when the accident occurred. CT Page 288
The relevant parts of the sixth count allege that the plaintiff was injured when his right thumb was caught in the basketball hoop which the defendant Town placed or allowed to be placed in a dangerous and careless position, and that the Town knew or should have known that the basket had a natural tendency to create danger and inflict injury upon members of the public, including the plaintiff. It is claimed that as a result of that conduct, the defendant created and maintained a nuisance which injured the plaintiff.
A motion to strike may be used to challenge the legal sufficiency of a pleading. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2; Connecticut Practice Book, Sec. 152. With a motion to strike, all of the facts alleged in the complaint and facts necessarily implied from the allegations in it are accepted as true, and the complaint is construed in the manner most favorable to the plaintiff. Blancato v. Feldspar Corporation, 203 Conn. 34,36. The court is limited to the facts alleged in the complaint and cannot infer other facts beyond those alleged or necessarily implied from stated facts. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. While a motion to strike admits all facts pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108.
A municipality may be held liable on the theory of nuisance only if the condition in question was both created and maintained by the municipality. Lukas v. New Haven,184 Conn. 205, 209; Wright v. Brown, 167 Conn. 464, 470. A nuisance is a condition, the natural tendency of which is to create danger and inflict injury upon person or property. Dingwell v. Litchfield, 4 Conn. App. 621, 624; Kostyal v. Cass, 163 Conn. 92, 99. There are two types of nuisance: public and private. "`A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land.'" Couture v. Board of Education, 6 Conn. App. 309, 314; Webel v. Yale University, 125 Conn. 515, 525. The facts here do not support an action for private nuisance, and the plaintiff here only claims that the basketball hoop was a public nuisance.
Public nuisances are ones which violate public rights and produce an common injury and affect the rights enjoyed by citizens as part of the public; "`[I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by CT Page 289 the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.'" Couture v. Board of Education, supra, 314, 315; Higgins v. Connecticut Light 
Power Co., 129 Conn. 606, 611-12; Connecticut Law of Torts, 2d Ed., Sec. 130. In order to prevail on a claim of nuisance, a plaintiff must prove that: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages." State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183; Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 35-36. Whether these four elements for a nuisance claim exist depends upon the facts of each case and presents questions of fact for the trier. Heilig v. LeQuire, 4 Conn. App. 125, 127; Kostyal v. Cass, supra, 100.
In order to prevail on a public nuisance claim, the plaintiff must also prove a fifth element, namely, that the condition or conduct complained of interfered with a right common to the general public. Doe v. Manheimer, 212 Conn. 748,755-556 n. 4; Couture v. Board of Education, supra, 316; Higgins v. Connecticut Light Power Co., supra, 611. The defendant bases its motion to strike on a claim that the plaintiff was not engaged in a public right when the accident occurred. It relies upon the Couture and Higgins cases. Both of these decisions involved directed verdicts at the time of trial after the court heard evidence on the plaintiffs' claims. In Higgins, the plaintiff was injured by a high tension wire thirty feet in the air, an area clearly not accessible to the general public. In Couture, the plaintiff, while acting as a football game official, was injured when driven into an unprotected grandstand during the game, and the court concluded that he was in the area where he was injured only because of his special status as a game official and not based upon any interest he held in common with the general public.
It is alleged in paragraph eight that the basket had a tendency to create danger and inflict injury upon members of the public, including the minor plaintiff. Elsewhere in the complaint, there is an allegation that the basket was six feet off the floor rather than at the standard ten foot height. The defendant's brief also states facts which may be germane to whether or not the basket was a nuisance. There are factual issues in dispute, including the extent to which the public in general had access to the basket. While the CT Page 290 defendant may eventually prevail on its claim, factual issues cannot be resolved on a motion to strike.
The motion to strike the sixth count of the complaint is denied.
ROBERT A. FULLER, JUDGE