[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT LAWRENCE BROWN'S MOTION FOR SUMMARY JUDGMENT (#135) AND MOTION TO STRIKE (#136)
The plaintiff, Gloria Bethea, has filed a revised ten count complaint alleging that on June 1, 1989, a pit bull terrier attacked her, causing her personal and economic injuries. In the first and second counts of that complaint, the plaintiff names Stephen and Therese Gary, (Garys) the owners of the dog, as defendants. These counts assert that those two defendants are liable to the plaintiff under the dog-bite statute. In the third and fourth counts of the complaint, the plaintiff names Lawrence Brown (Brown) the Garys' landlord, as a defendant. The third count asserts a claim against Brown under the dog-bite statute, and the fourth count asserts a claim against Brown in negligence. The fifth through ninth counts of the complaint are directed against the City of New Haven (City), the City Dog Warden, and the Director of the City Health Department. In the tenth count, the plaintiff alleges a claim sounding in public nuisance against all defendants.
The principal motion before the court at this time is Brown's motion for summary judgment. (#135) In this motion Brown seeks summary judgment on each of the three counts of the complaint that pertain to him. The plaintiff and Brown have filed memoranda of law supported by various affidavits and excerpts from several depositions. In addition, the plaintiff has filed two police reports dated April 17, 1989 and June 1, 1989, which are offered in opposition to the motion.
Also before the court is a motion to strike (#136) filed by Brown asking the court to strike the police reports filed by the plaintiff in support of her objection to the motion for summary judgment. The basis of the motion to strike the police reports is a claim that they do not comply with Practice Book Section 381 and therefore should not be considered by the court in ruling on the motion for summary judgment.
Taking up first the motion to strike the two police reports, Practice Book Section 381 provides: CT Page 4003
"Sec. 381. — Form of Affidavits
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto."
Both police reports do bear an appropriate oath by the police officers who made out the reports and therefore they are generally admissible as affidavits. However, just because the police reports are admissible in support of the opposition to the motion for summary judgment does not mean necessarily that everything contained in those reports is admissible. Hearsay statements made to an investigating police officer by volunteers, or portions of the report which are not based upon the officer's own observations or the observations of one who is under a business duty to so report do not become admissible merely they are included in a generally admissible police report. Hutchinson v. Plante, 175 Conn. 1, 5 (1978); Sheary v. Hallock's of Middletown, Inc., 149 Conn. 188, 197 (1962).
The portions of the two police reports which the plaintiff says are significant are the statement made to the police officer by a "medic" in the report dated June 1, 1989, and the statements in the April 17, 1989 report made to the police officer by the victim of a dog bite, a friend of the victim, and the mother of the victim. All of these statements are hearsay, but the statement attributed to the medic falls into the class of statements made by one who is under a business duty to give that information to the police officer. The statements referred to in the report of April 17, 1989 are clearly inadmissible hearsay and the plaintiff has given no reason why this hearsay evidence should be admitted. Accordingly, the motion to strike is granted as to the aforementioned statements in the report of April 17, 1989 and denied as to the statement attributed to the medic in the report of June 1, 1989.
The motion for summary judgment is directed at the portions of the complaint directed at Brown, which are the third, fourth and tenth counts. The third count alleges that the defendant CT Page 4004 Stephen Gary was the owner and keeper of a dog which was kept at 65-67 Dickerman Street in New Haven; that on June 1, 1989 about 7:00 p.m. the plaintiff was walking at or near 62 Dickerman Street when she was bitten by the dog causing injuries and losses; that at the time of the biting the plaintiff was not teasing or tormenting the dog and was walking on the public sidewalk; that on June 1, 1989, Brown resided in the building where the dog was kept; that Brown was the Garys' landlord; and that Brown was also a keeper of the dog and is liable for the plaintiff's injuries and losses pursuant to the provisions of Section 22-357 of the General Statutes.
"[Summary judgment] shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384.
 The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed.
(Citations omitted.) United Oil Co. v. Urban Redevelopment Comm., 158 Conn. 364, 380, 260 A.2d 596 (1969).
 Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . To oppose the motion for summary judgment successfully, CT Page 4005 the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents.
(Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79,573 A.2d 699 (1990).
Brown claims that he was not the keeper of the dog and that there is no genuine issue as to this material fact, which is an essential part of the proof required in order to establish liability under 22-357.
General Statutes 22-357 provides, in relevant part: "[i]f any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage. . ." (Emphasis added.) A "keeper" is "any person, other than the owner, harboring or having in his possession any dog." (Emphasis added.) General Statutes 22-327. "Harboring" a dog means to give it lodging, shelter, or refuge; "possession" means the exercise of dominion and control over the dog. Falby v. Zarembski, 221 Conn. 14, 19, 602 A.2d 1 (1992).
A landlord is not a "keeper" of a dog merely because a tenant owns a dog and keeps the dog on the premises. Buturla v. St. Onge, 9 Conn. App. 495. Whether anyone, including a landlord, is a keeper of a tenant's dog is a material question of fact. See Malone v. Steinberg, 138 Conn. 718, 89 A.2d 213
(1952). In support of the motion Brown has submitted affidavits to the court which assert that the Garys kept the dog in an area of the property that the Garys exclusively possessed; that he never provided care for the dog; and that he was not responsible for controlling the dog. The plaintiff has not provided any evidence to contradict those affidavits. The defendant Brown has shown that there is no genuine issue of fact with respect to his claim that he was not a keeper of the dog. This is an essential fact which must be proven by the plaintiff in this case. Accordingly, the motion for summary judgment is granted as to the third count.
The motion for summary judgment is also directed at the fourth count which is based on a claim of common-law negligence. To state a claim for negligence, a plaintiff must prove that a duty of care exists, that the defendant breached that duty, that the breach was the direct and proximate cause of the plaintiff's CT Page 4006 injuries, and that the plaintiff has sustained damages as a result. Coste v. Riverside Motors, Inc., 24 Conn. App. 109, 112
(1991), Doe v. Manheimer, 212 Conn. 748, 755 (1989). The fourth count consist of the same allegations made in the third count, and, in addition, alleges that when Brown entered into a lease with the Garys he knew or should have known of the vicious propensities of the dog; that he knew the dog would be kept on the premises creating an unreasonable risk of injury to persons passing by the property; that Brown should have terminated the tenancy because of the vicious nature of the dog; and that Brown is liable for the attack because he negligently failed to terminate the tenancy so as to protect third persons from the vicious dog kept by the tenants.
The affidavits and documentary evidence offered by Brown establish that he did not know and had no reason to know that the dog was dangerous; that the Garys did not even own the dog when the tenancy commenced; that whenever Brown saw the dog it was tied up and appeared peaceful; that Brown had no knowledge or information that the dog was loose on the day of the alleged attack; that Brown was not the owner or keeper of the dog and had no control over the dog; and that the alleged attack took place on the public street and not on or in front of Brown's property. The plaintiff has offered nothing which places any of the aforesaid facts in dispute.
Brown has shown that there is no genuine issue as to the facts alleged in the fourth count and is entitled to summary judgment on that count. That is not to say that the rather novel theories of landlord liability including an alleged duty to evict, as claimed by the plaintiff, have any legal support whatsoever. In the opinion of the court they do not.
The final count to which the motion for summary judgment is directed is the ninth count which incorporates various claims and theories made in the third and fourth counts, but appears to be a claim of public nuisance.
The law with respect to proving the existence of a public nuisance is clear.
 "Our prior decisions have established that in order to prevail on a claim of nuisance, a plaintiff must prove that: "(1) the condition complained of had a natural tendency to CT Page 4007 create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages." Filisko v. Bridgeport Hydraulic Co. 176 Conn. 33, 35-36, 404 A.2d 889 (1978); Kostyal v. Cass, 163 Conn. 92, 99-100, 302 A.2d 121 (1972); Heilig v. Le Quire, 4 Conn. App. 125, 127, 492 A.2d 542 (1985). In this case, where absolute public nuisance is alleged, the plaintiff's burden includes two other elements of proof: (1) that the condition or conduct complained of interfered with a right common to the general public; Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611 30 A.2d 388 (1943); Nolan v. New Britain, 69 Conn. 668, 678, 38 A. 703
(1897); 4 Restatement (Second), Torts 821B; and (2) that the alleged nuisance was absolute, that is, that the defendants' intentional conduct, rather than their negligence, caused the condition deemed to be a nuisance. Kostyal v. Cass, supra, 98; Beckwith v. Stratford, 129 Conn. 506, 511, A.2d 775 (1942); Dingwell v. Litchfield, 4 Conn. App. 621, 624, 496 A.2d 213 (1985); 1 F. Harper F. James, Torts (1956) p. 82 n. 2."
State of Connecticut v. Knappen-Tippetts-Abbett-McCarthy, et, al., 204 Conn. 177, 183.
Even if one assumes that the dog was a legal nuisance at the time of the alleged attack, Brown has shown that he was not responsible for the dog or its activities, and that there is no genuine issue of material fact on that point. The plaintiff has not offered anything which raises a question of fact in this regard.
Accordingly, for the reasons above stated, the defendant Lawrence Brown's motion for summary judgment is granted.
William L. Hadden, Jr., Judge CT Page 4008