MARY ELLA SMYTH *vs.* THE WILMINGTON CITY RAILWAY COMPANY.

*Continuance—Application—Affidavit.*

In an application for continuance to next term, when affiant swears to the materiality of the absent witness, discloses what he expects to prove by him, and further swears that they sent their agent for him and put forth every effort, but have not been able to find him, but that they expect to have him at Court next term, the application will be granted.

(*February 21, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.
*Levi C. Bird* for plaintiff.
*Willard Saulsbury* for defendant.

Superior Court, New Castle County, February Term, 1898.

MOTION FOR CONTINUANCE at second term.    An affidavit was filed by the Assistant General Manager of the defendant corporation, alleging the absence of a material witness for the defense, and stating what he proposed to prove by said witness.

Upon such affidavit, motion was made by Mr. Saulsbury, counsel for defendant, for continuance to May Term.

*Mr. Bird* objected to the continuance, and asked that the affiant be produced in order that he might have the opportunity to cross-examine him as to the affidavit presented.

This was objected to by Mr. Saulsbury.

LORE, C. J :—This being the second term, and objection being made to a continuance by the counsel for the plaintiff, we think he is entitled to have the witness produced.

The witness was thereupon produced and examined and cross-examined at length.

LORE, C. J :—We think, under the statement of this witness upon his oath, that he has met all the conditions required for the continuance of the case.    He swears to the materiality of the witness ; discloses what he expects to prove by him ; and further, swears that they have sent their agent for him and have put forth every effort possible, but have not been able to find him ; but that they expect to have him here next term.

That brings it strictly within the rule for continuance in such cases.

On that ground the case is continued on the application of the defendant under a peremptory rule to the next term.