ALAN J. SALOMONE *v.* LORRAINE BOULANGER ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 180174

Memorandum filed March 11, 1975

*Koskoff & McMahon,* for the plaintiff.

*Furey, Donovan & Heiman* and *Schatz, Weinstein & Seltzer,* for the named defendant et al.

*Paul J. McQuillan* and *Louis J. Mattioli,* for the defendant city of Bristol.

*Halloran, Sage, Phelon & Hagarty,* for the defendant Stanley D. Vashaw.

RUBINOW, J. In the relevant allegations of the third count of the complaint, the plaintiff alleges, in substance, that he was operating his bicycle "on the public highway" and sustained injuries as a result of a collision between the bicycle and an automobile; that the defendant Vashaw caused the collision by installing a fence on which he grew ivy and roses at the intersection of the streets where the collision occurred, because the ivy and roses "interrupted and interfered with vision for vehicular traffic" and lessened the "audibility" for vehicular traffic; that the fence and shrubbery constituted an inherently dangerous condition that had a natural tendency to inflict injury on users of the highway; and that the dangerous condition constituted a nuisance. Vashaw demurred to the third count on the ground that it fails to state a cause of action in either private or public nuisance.

Since the plaintiff makes no claim concerning private nuisance, the question to be decided is whether the allegations spell out a cause of action in public nuisance. Since the plaintiff, as a traveler on the highway, was clearly in the exercise of a public right, the essential question is whether the plaintiff's allegations spell out the breach of a duty by Vashaw.

The allegations in the instant case are readily distinguishable from those in cases where either (a) the injury was sustained by the traveler on land

of the abutting owner or (b) the injury was sustained as a result of something tangible that the abutting owner caused, intentionally or negligently, to be on the highway. Those cases fall squarely within either of two well-recognized rules. The first is the rule that if the lawful use of the highway results in the traveler's sustaining an injury on the land of the abutting owner, the abutting owner may be liable. See, e.g., *Ruocco* v. *United Advertising Corporation,* 98 Conn. 241, 247 ("maintenance on private property of a dangerous menace to public travel is . . . a nuisance"); *Crogan* v. *Schiele,* 53 Conn. 186; *Norwich* v. *Breed,* 30 Conn. 535.

The second is the rule that an "individual owes no duty to the public in reference to the [public] way except . . . to refrain from doing or placing anything thereon dangerous to the traveler." *Hartford* v. *Talcott,* 48 Conn. 525, 532. Cases illustrating that rule are *Perkins* v. *Weibel,* 132 Conn. 50 (grease leaking onto sidewalk from building); *Calway* v. *Schaal & Son, Inc.,* 113 Conn. 586 (ice on sidewalk formed from water coming from roof); and *Hanlon* v. *Waterbury,* 108 Conn. 197 (gasoline spilled on sidewalk).

The instant case does not fall within either of those two rules, because the injury did not occur on property of the abutting owner and the abutting owner is not alleged to have caused something tangible to be on the public way. A case closer to the instant case is *House* v. *Metcalf,* 27 Conn. 631, where the defendant was held liable to a plaintiff whose horses were frightened by an overshot wheel in a gristmill, forty-seven feet from the highway. There, as in the present case, there was no tangible object placed on the highway by the abutting owner, and the injury did not occur on the land of the

abutting owner. *House* stands, therefore, for the proposition that an occupier of land abutting a highway is under a duty not to do anything on that land that will increase the hazards normally encountered by travelers on the highway, even though there is no tangible invasion of the highway area as a result of the activity carried on by the abutting occupier. If those hazards are increased as a result of that activity, under the holding in *House* that activity may be found to be a nuisance.

The demurrer of the defendant Vashaw to the third count of the plaintiff's complaint is overruled.