VICTORIA PURO *v.* PHILIP HENRY ET AL.

SUPERIOR COURT        NEW HAVEN COUNTY        FILE NO. 139065

Memorandum filed May 1, 1975

*Howard F. Zoarski,* for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* for the named defendant.

*Willis & Willis,* for the defendant Griffin Hospital.

McCARTHY, J. The defendant Griffin Hospital moves for summary judgment, claiming that the

action is barred by the Statute of Limitations. The plaintiff's suit is based on negligence in allegedly leaving a surgical needle in her abdomen. The hospital's affidavit states that the alleged negligence occurred in 1964, when an operation was performed on the plaintiff. The plaintiff claims in her counter affidavit that operations were performed on her at the hospital in 1963, 1964, and 1967.

The hospital claims that there is no genuine issue of material fact, since all surgery still ended in 1967, and that the action is barred by the statute, regardless of which date is considered.

The plaintiff contends that there was a continuing tort, inasmuch as there was a failure to warn, under the doctrine of *Handler* v. *Remington Arms Co.*, 144 Conn. 316, and that the statute did not begin to run until the needle was discovered in October, 1972. Although no Connecticut court has apparently ruled on the problems of applying the statute to a medical malpractice case, a reading of Connecticut law on continuing torts, together with the cases in point from other jurisdictions, provides ample support for the plaintiff's position.

The doctrine of continuing negligence, first enunciated in *Handler,* supra, 321, held that a failure to warn of a dangerous condition (a defective bullet) is a "claim of conduct continuing to the time of injury. When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." In *Boains* v. *Lasar Mfg. Co.*, 330 F. Sup. 1134, 1136, it was held that an allegation of failure to warn of a defect in a meat grinding machine was sufficient to overcome a motion for summary judgment based on the Statute of Limitations.

Medical malpractice cases, in which a foreign object is left in a patient's body, present an even

more compelling situation for the application of that doctrine. Many jurisdictions have abandoned the older approach of literal application of the statute. Prosser, Torts (4th Ed.) § 30, p. 144. An examination of the policy behind the statute makes it clear that the better reasoned approach is to measure the running of the statute from the date of discovery of the malpractice, unless reasonable diligence would have uncovered it earlier. *Flanagan* v. *Mount Eden General Hospital*, 24 N.Y.2d 427; see *Ricciuti* v. *Voltarc Tubes, Inc.*, 277 F.2d 809, 813.

A literal reading of General Statutes § 52-584 would seem to limit the bringing of an action to three years from the alleged act of malpractice. A failure to warn is, however, an act or omission which may continue until the date of discovery, under *Handler* v. *Remington Arms Co.*, supra. That doctrine in no way contravenes the policy behind the statute: "The policy of insulating defendants from the burden of defending stale claims brought by a party who, with reasonable diligence, could have instituted the action more expeditiously is not a convincing justification for the harsh consequences resulting from applying the same concept of accrual in foreign object cases as is applied in medical treatment cases. A clamp, though immersed within the patient's body and undiscovered for a long period of time, retains its identity so that a defendant's ability to defend a 'stale' claim is not unduly impaired." *Flanagan* v. *Mount Eden General Hospital*, supra, 431.

The motion of the defendant Griffin Hospital for summary judgment is accordingly denied.