[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANTS' MOTION TO STRIKE THE AMENDED THIRD PARTY COMPLAINT
The issue before the court is whether the court should grant the third party defendants' motion to strike count one of the amended third party complaint upon the ground that it fails to state a claim upon which relief may be granted.
The first party plaintiff, Danny Maggiore, brought a personal injury action against the named first party defendants alleging that he was injured when a vehicle driven by first party defendant, Daniel J. Courcey III, collided with his motorcycle at the intersection of White Hollow Road and Hillside View Road in North Branford. As a result of that action, first party defendants, Daniel J. Courcey, Jr. and Daniel J. Courcey III, have as third party plaintiffs, instituted this action against third party defendants Anthony and Diane Balzano.
The third party plaintiffs' two-count amended complaint seeks indemnification for any recovery which the first party plaintiff CT Page 7418 may obtain against the third party plaintiffs. In count one of the amended third party complaint the third party plaintiffs allege that the third party defendants maintained a large pine tree on their property which blocked approaching drivers' view of oncoming traffic at the intersection in question and as such constituted a public nuisance. In count two the third party plaintiffs allege that maintaining the large pine tree as the third party defendants did, constituted negligence.
On June 7, 1990 the third party defendants filed a motion to strike count one of the amended third party complaint, accompanied by a memorandum of law in support of the motion. The third party plaintiffs filed an objection to the motion to strike and memorandum of law in support on June 20, 1990.
A motion to strike is the proper vehicle with which to test the legal sufficiency of a complaint or any count therein. Conn. Practice Book 152(1) (rev'd to 1978, as updated October 1, 1989). In ruling upon a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370 (1986). The court must examine each contested count individually. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
Neither legal conclusions nor the truth or accuracy of opinions are deemed admitted. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). If a plaintiff's complaint contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 218-19 (1987).
The third party defendants contend that count one fails to state a cause of action in public nuisance because the facts as alleged are incapable of supporting the allegation of a public right as a matter of law. Additionally, the third party defendants contend that count one fails to state a cause of action in private nuisance because there has been no allegation of injury to an ownership right in real property. The third party defendants' private nuisance argument does not need to be considered because the third party plaintiffs have made no allegations in the amended third party complaint in regard to private nuisance.
The allegations which are necessary to maintain a cause of action in nuisance are described in State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183
(1987), where the court stated that:
 . . . in order to prevail on a claim of nuisance, a plaintiff must prove that: "(1) the condition CT Page 7419 complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one: (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages." Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36, 404 A.2d 889 (1978); Kostyal v. Cass, 163 Conn. 92, 99-100, 302 A.2d 121 (1972); Heilig v. LeQuire, 4 Conn. App. 125, 127, 492 A.2d 542 (1985).
Furthermore, in order to state a cause of action in public nuisance, the movant must make additional allegations. These additional allegations were discussed in Couture v. Board of Education of the Town of Plainfield, 6 Conn. App. 309, 314-15
(1986), where the court stated that:
 ". . . `[n]uisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public.' 39 Am. Jur. 286. . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.' Nolan v. New Britain, 69 Conn. 668, 678, 38 A. 703 [1897] ; Hassett v. Palmer, 126 Conn. 468, 476, 12 A.2d 646 [1940]; Croughwell v. Chase Brass Copper Co., 128 Conn. 110, 112, 20 A.2d 619 [1941]." Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611-12, 30 A.2d 388 (1943).
Whether any of these elements is present so that a nuisance can be said to exist is a question of fact for the trier. Heilig v. LeQuire, 4 Conn. App. 125, 127 (1985): Dingwell v. Litchfield,4 Conn. App. 621, 625 (1985).
In the instant action the third party plaintiffs have alleged in count one of their amended complaint that:
(1) the placement of the pine tree has a natural tendency to block drivers' view thus creating a dangerous condition to travelers upon said highway; Amended Third Party Complaint, Count 1, Para. 7b and c; CT Page 7420
(2) the existence of the tree is continuing; Amended Third Party Complaint, Count 1, Para. 7b;
(3) "the placement of the tree and its natural tendency to block the view of passing motor vehicle operators is unreasonably dangerous": Amended Third Party Complaint, Count 1, Para. 7b;
(4) "the placement of said tree . . . proximately caused said automobile collision"; Amended Third Party Complaint, Count 1, Para. 7e; and
(5) "the First Party Plaintiff and Third Party Plaintiff were exercising their public right to drive on public streets"' Amended Third Party Complaint, Count 1, Para. 7d.
Considering these allegations in a manner most favorable to the pleader, the third party plaintiffs have alleged facts sufficient to establish a cause of action in public nuisance.
The question which still remains is whether driving on a public street may as a matter of law give rise to a public right for purposes of alleging a public nuisance? The third party defendants argue in their memorandum that "there is no `public right' to drive . . . driving is a privilege granted by the state. . . ." The third party defendants' argument applies an unduly restrictive interpretation of the term "drive" as it is used in count one of the amended third party complaint. The allegations of count one taken as a whole make clear that the term "drive" is not being used in the same sense defendant suggests, but is being used in a broad sense to identify vehicular travel upon a public highway.
"A highway is a public way open and free to any one who has occasion to pass along it on foot or with any kind of vehicle." Stovola v. Palmer, 136 Conn. 670, 683 (1950). "The essential feature of a highway is that it is a way over which the public at large has a right to pass." Id. It has long been a general rule in Connecticut that "[a]n owner of property abutting on a highway is required to use reasonable care to keep his premise in such condition as not to endanger travelers in their lawful use of the highway. Savicki v. Connecticut Ry Lighting Co., 129 Conn. 626,631 (1943); Ruocco v. United Advertising Corporation, 98 Conn. 241,247 (1922)." Przwgocki v. Wikris, 130 Conn. 419, 422 (1943); Doe v. Manheimer, 2 CSCR 578 (April 30, 1987, Tamborra, J.); Salomone v. Boulanger, 32 Conn. Sup. 115, 118 (Super.Ct. 1975).
In Salomone, Id. at 116, the plaintiff alleged that defendant's fence upon which ivy and roses grew caused a public nuisance by interfering with the view of vehicular traffic. The court in Salomone, Id. at 118, overruled defendant's demurrer stating that the activity in question may be found to be a CT Page 7421 nuisance. In rendering its decision, the court in Salomone, Id. at 116, stated that the "plaintiff, as a traveler on the highway, was clearly in exercise of a public right. . . ."
In the case at hand, the third party plaintiffs have alleged sufficient facts to establish that the first party plaintiff was injured in the exercise of a public right. Accordingly, the third party defendants' motion to strike count one of the amended third party complaint is denied.
JOSEPH B. CLARK, JUDGE