[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issues before the court are:
1. Should the second count of the plaintiff's amended complaint be stricken on the ground that it fails to state a cause of action against Cherney Pontiac Corporation in that defendant Cherney owes no duty to plaintiff with respect to the subject sidewalk?
2. Should the first and second count of cross claim filed by defendant, City of Ansonia, be stricken on the ground that both counts seek indemnification from defendant, Cherney Pontiac Corporation, based on section 25-56 of the Ansonia City Code where section 24-56 does not provide for an indemnity action, nor is there a right of indemnity under common law.
It is found that defendant Cherney Pontiac's motion to strike plaintiff's second count of her amended complaint is CT Page 11818 denied because plaintiff's second count contains an allegation that the defect in the sidewalk was created by a positive act of defendant, Cherney Pontiac.
It is also found that defendant Cherney Pontiac's motion to strike the first and second count of defendant City of Ansonia's cross claim is denied because defendant Cherney Pontiac's motion requires the court to make a legal determination as to whether section 24-56 of the Ansonia City Code provides for indemnification.
In a two count amended complaint dated September 17, 1991, the plaintiff, Carmella Loda, brings suit in negligence against the City of Ansonia ("Ansonia") and Cherney Pontiac Corporation ("Cherney") for injuries sustained from a fall on a sidewalk. The first count of the amended complaint alleges that on April 13, 1990 the plaintiff was walking along the westerly sidewalk in front of 1-11 Clifton Avenue, a sidewalk within the possession and/or control of defendant Ansonia. The plaintiff further alleges that her injuries were caused by the negligence of the defendant's agents and/or employees in that they failed to repair the sidewalk; failed to warn pedestrians using the sidewalk of its dangerous and defective condition; and that the City of Ansonia failed to place barriers around the defective portion of the sidewalk to prevent pedestrians from walking across it. Plaintiff alleges that on April 13, 1990 the westerly sidewalk in front of 1-11 Clifton Avenue was broken and uneven which caused plaintiff to trip and fall. Plaintiff seeks damages for personal injuries.
In the second count, the plaintiff alleges that on April 13, 1990, defendant Cherney was a Connecticut corporation doing business at One Clifton Avenue in Ansonia, Connecticut. The plaintiff further alleges that defendant Cherney has a duty to keep and maintain the sidewalk abutting its property in a reasonably safe condition.
The plaintiff further alleges in count two that defendant Cherney, its agents and/or employees were negligent in that they: (1) failed to properly maintain the sidewalk; (2) failed to repair the sidewalk; (3) drove automobiles from the parking lot of the defendant's car dealership over the sidewalk causing the sidewalk to crack and become uneven; (4) failed to warn pedestrians using the sidewalk of its CT Page 11819 dangerous and defective condition; (5) failed to place barriers around the defective portion of the sidewalk to prevent pedestrians from walking across it; and (6) failed to keep the sidewalk in a reasonably safe condition in violation of Ansonia City Code, Sec. 24-56. As a result of defendant Cherney's alleged negligence, plaintiff seeks damages.
Previous to plaintiff filing an amended complaint, defendant Ansonia motioned this court to implead defendant Cherney as a third party defendant. That motion was granted on July 5, 1991. On or about September 5, 1991, defendant Ansonia impleaded defendant Cherney as a third party defendant by filing and serving a third party complaint.
On November 1, 1991, in response to plaintiff's amended complaint, which now included Cherney Pontiac as a defendant, defendant Ansonia filed an amended answer, special defense and cross complaint. The cross complaint against defendant Cherney was identical to the third party complaint that was previously filed and again seeks indemnification if defendant Ansonia is held liable to the plaintiff for damages alleged in the plaintiff's amended complaint. The first count alleges that on April 13, 1990, defendant Cherney was the abutting landowner to the sidewalk upon which the plaintiff alleges to have fallen. Defendant Ansonia further alleges that if defendant Ansonia is held liable to the plaintiff for damages alleged in plaintiff's amended complaint, defendant Cherney should also be held liable and indemnify defendant Ansonia because defendant Cherney was allegedly negligent by: (1) failing to properly maintain said sidewalk; (2) driving automobiles over said sidewalk causing said sidewalk to crack; and (3) failing to place warnings to prevent the general public from walking on said sidewalk.
Defendant Ansonia further alleges that any negligence on the part of defendant Ansonia was passive in nature and any negligence on the part of defendant Cherney was active in that defendant Cherney failed to keep said sidewalk free from defects and obstructions, and defendant Ansonia had no reason to know of defendant Cherney's negligence, had no reason to anticipate it and could reasonably rely on defendant Cherney not to be negligent.
In the second count of his cross claim, defendant Ansonia incorporated paragraphs 1 through 4 of the first CT Page 11820 count and further alleged that ordinance 24-56 imposed a duty on the owners or persons in control of land abutting public sidewalks the same duty of care with respect to defects as a municipality had prior to the defective date of the ordinance, and that defendant Cherney has failed to abide by Ansonia City Code, Sec. 24-56.
On February 17, 1992, defendant Cherney moved to strike the second count of the plaintiff's amended complaint on the ground that it fails to state a cause of action against defendant Cherney in that defendant Cherney owes no duty to plaintiff with respect to the subject sidewalk.
Defendant Cherney also moved to strike the first and second counts of defendant Ansonia's cross claim on the grounds that section 24-56 of the Ansonia City Code does not provide for an indemnity action, nor is there a right of indemnity under common law. Both parties have filed appropriate motions and supporting memorandum in accordance with Practice Book, Sec. 155.
The purpose of a motion to strike is to determine the legal sufficiency of the pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "[A] motion to strike does not admit legal conclusions or the truth accuracy of opinions stated in the pleading at which the motion is directed." Fairfield Lease Corporation v. Romano's Auto Service, 4 Conn. App. 495, 497, 495 A.2d 286 (1985).
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint and must construe those facts most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). If facts which are provable under the allegations would support a cause of action or a defense, the motion to strike must fail. Greene v. Metals Selling Corporation, 3 Conn. App. 40
41, 484 A.2d 478 (1984).
The motion to strike is the proper manner by which to challenge the legal sufficiency of the allegations of a complaint or a cross claim. Practice Book, Sec. 152(1).
A. Defendant Cherney's Motion to Strike the Second Count of Plaintiff's Complaint CT Page 11821
In its memorandum in support of the motion to strike the second count of the plaintiff's complaint, the defendant argues that an abutting landowner is under no duty to keep a sidewalk in front of his property in a reasonably safe condition for public travel. Further, defendant Cherney argues that, although a municipality may require abutting landowners to remove obstructions from sidewalks and penalize them for not doing so, section 24-56 of the Ansonia City Code is void because the Connecticut Legislature has not authorized the shifting of liability from a municipality to an abutting property owner for a defective sidewalk.
The plaintiff, in her opposing memorandum, argues that since the plaintiff has alleged that defendant Cherney created the defect in the sidewalk, this allegation alone supports the plaintiff's cause of action against defendant Cherney and as such the motion to strike should be denied. It has been the law in Connecticut for over 100 years that in the absence of a statute or ordinance an abutting landowner "owes no duty to the public in reference to the [public] way except . . . to refrain from doing or placing anything thereon dangerous to the traveler." Salomone v. Boulanger, 32 Conn. Sup. 115, 117, 342 A.2d 61 (1975), quoting City of Hartford v. Talcott, 48 Conn. 525, 532,40 A. 189 (1881).
In the present case, the plaintiff has alleged that certain affirmative acts of the abutting landowner, defendant Cherney, were responsible for the creation of the defect in the sidewalk, a condition that defendant Cherney knew or should have known could lead to harm, and that plaintiff sustained an injury because of those acts. It is clear that the plaintiff has pleaded facts which, when construed in a manner most favorable to the plaintiff, are sufficient to sustain a cause of action against defendant Cherney Accordingly, it is found that defendant Cherney's motion strike is denied.
B. Defendant Cherney's Motion to Strike Counts One and Two of Defendant Ansonia's Cross Claim
The defendant Cherney's motion to strike counts one and two of defendant Ansonia's cross claim requires the court to make a legal determination as to whether section 24-56 of the Ansonia City Code provides for an indemnity action. CT Page 11822
The interpretation of a statute presents a question of law. Southington v. State Board of Labor Relations,210 Conn. 549, 559, 556 A.2d 166 (1989).
"Such a determination is not appropriate on a motion to strike, which is limited strictly to whether a pleading states a legally cognizable cause of action." Kelvin Corp. v. Foley, 7 Conn. L. Rptr. No. 2, p. 64 (August 3, 1992, Lewis, J.). Determination of whether section 24-56 of the Ansonia City Code allows an action for indemnity would be more appropriately considered on a motion for summary judgment. See Kelvin Corp. v. Foley, supra, 64.
Therefore, defendant Cherney's motion to strike the cross claim is denied.
McGrath, J.