[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S NOTION TO STRIKE DATEDOCTOBER 19, 1995.
ISSUES
Should the defendant's motion to strike count two of the plaintiff's complaint be granted on the ground that the allegations are insufficient to state a cause of action for recklessness?
Should the defendant's motion to strike count three of the plaintiff's complaint be granted on the ground that the allegations fail to state a cause of action sounding in either private or public nuisance?
The defendant's motion to strike the second count of the plaintiff's complaint is denied because the plaintiff's complaint alleges facts sufficient to state a cause of action for recklessness and sufficient to put the defendant on notice of that CT Page 12262 claim.
The defendant's motion to strike count three of the plaintiff's complaint is denied because the allegations of the complaint sufficiently set forth a cause of action sounding in public nuisance.
FACTS
The plaintiff, Christopher S. Boulanger, alleges that he was injured in a motor vehicle collision on or about February 22, 1994, at approximately 2:45 p. m., when his vehicle spun across the north and southbound lanes of Waterbury Road in the Town of Thomaston. The plaintiff has alleged that the roadway is a public highway and that his car spun across Waterbury road due to an excessive amount of water in the northbound lane where he was traveling. The plaintiff alleges that the excessive water on the highway was runoff from the defendant, Joseph Zappone's property, which resulted from, inter alia, improper excavation, improper maintenance, and failure to inspect the property. The plaintiff claims that the excessive water on the roadway on said date was a danger to him and other travelers on the roadway.
The plaintiff's complaint consists of three counts. The first count, sounding in negligence, alleges that the defendant allowed excessive water to run off his property and collect in the northbound land of Waterbury Road, a public highway, and that such conduct caused the plaintiff's vehicle to spin out of control and collide with a guardrail placed along the highway. In the second count, the plaintiff alleges that the defendant's conduct was reckless and the third count alleges public nuisance.
The second count alleges, inter alia, that the defendant's conduct was reckless in that he allowed water runoff from his property onto the highway so as to obstruct the plaintiff's passage and endanger the plaintiff's travel and that he failed to inspect his property or warn of the dangerous runoff condition. In addition, the second count alleges that the defendant acted with reckless disregard for the plaintiff and other travelers on the highway thereby causing the plaintiff various injuries.
The third count alleges that the plaintiff was traveling on a public highway at the time of the accident and that the defendant created a condition that was dangerous to the plaintiff and other travelers on the highway. At oral argument, the plaintiff conceded CT Page 12263 that the third count was not an action based on private nuisance but was an action based on public nuisance.
On October 19, 1994, the defendant filed a motion to strike the second and third counts of the complaint. In support of this motion the defendant filed a memorandum of law. On July 28, 1995, the plaintiff filed an opposing memorandum of law.
DISCUSSION
"A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted, internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 238-39624 A.2d 389 (1993).
"In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint." King v. Board ofEducation, 195 Conn. 90, 93, 486 A.2d 1111 (1985). "[I]f facts provable under the allegations would support a defense or a cause of action, . . . the [motion to strike] must fail." AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
I. The second count alleged facts giving rise to an action for recklessness.
The defendants argue in their memorandum in support of their motion to strike that the second count of the plaintiff's complaint fails to state a cause of action for recklessness because the plaintiff has not alleged facts that would support such a cause of action. The defendant claims that the plaintiff has failed to allege facts beyond those alleged in the first count, which sounds in negligence. The plaintiff argues that the complaint sets forth CT Page 12264 allegations of specific conduct that he claims rises to the level of recklessness in order to support a cause of action for reckless conduct.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid a danger to others, or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted, internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,614-15, 539 A.2d 108 (1988).
In Dumond v. Denehy, the Connecticut Supreme Court stated: "We reiterate, and in so doing add emphasis to, what was said in Brockv. Waldron, 127 Conn. 79, 80-81, 14 A.2d 713 (1940). The complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Dumond v. Denehy,145 Conn. 88, 91, 139 A.2d 58 (1958).
In the present case, the plaintiff has alleged in the second count of his complaint that the accident was caused by the defendant's reckless conduct and sets forth nine specific allegations in support of that claim including that the defendant's conduct was reckless in that he allowed water runoff from his property onto the highway so as to obstruct the plaintiff's passage and endanger the plaintiff's travel and that he failed to inspect his property or warn of the dangerous runoff condition. In addition, the second count alleges that the defendant acted with reckless disregard for the plaintiff as set forth above thereby causing the plaintiff various injuries. These allegations, provide CT Page 12265 sufficient notice to the court and opposing counsel that reckless misconduct is relied on." Dumond v. Denehy, supra, 145 Conn. 91. See also, Just v. The Meriden Industrial Laundry, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 363932 (2 Conn. L. Rptr. 580, September 13, 1990, Hennessey, J.) (denied motion to strike reckless count as facts alleged inferred defendant acted with reckless disregard for the safety of others).
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); but excising all legal conclusions and unsupported opinions; AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980); there is a sufficient factual basis to support a cause of action for recklessness in the second count. Therefore, the defendant's motion to strike the second count of the plaintiff's complaint is denied.
II. The third count of the plaintiff's complaint alleges facts sufficient to state a cause of action sounding in public nuisance.
In order to prove a claim of nuisance, the following four elements must be shown: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages." Tomasso Bros., Inc. v. October Twenty-Four,Inc., 221 Conn. 194, 197, 602 A.2d 1011 (1992); State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183, 527 A.2d 688 (1987);Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36,404 A.2d 889 (1978); Kostyal v. Cass, 163 Conn. 92, 99-100, 302 A.2d 121
(1972).
"There are two types of nuisance: public and private. A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Couture v. Board of Education, 6 Conn. App. 309, 314,505 A.2d 432 (1986); Webel v. Yale University, 125 Conn. 515, 525,7 A.2d 215 (1939). At oral argument, the plaintiff stated that private nuisance was not the basis for the claim set forth in the third count and conceded that the third count sets forth a cause of action for public nuisance. Therefore, arguments set forth by the defendant regarding private nuisance do not require discussion. CT Page 12266
Public nuisances are ones which violate public rights and produce a common injury and which affect the rights enjoyed by citizens as a part of the public; it is an annoyance which is common to the public generally, and "[t]he test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights." Couture v. Board of Education,
supra, 6 Conn. App. 314-15; Higgins v. Connecticut Light PowerCo., 129 Conn. 606, 611-12, 30 A.2d 388 (1943); Connecticut Law of Torts, 2d Ed., 130. In order to prevail on a public nuisance claim, the plaintiff must prove, in addition to the four requirements for private nuisance, "that the condition or conduct complained of interfered with a right common to the general public." Doe v. Manheimer, 212 Conn. 748, 755-56 n. 4, 563 A.2d 699
(1989); Couture v. Board of Education, supra, 6 Conn. App. 316;Higgins v. Connecticut Light Power Co., supra, 611. In other words, in order to recover for public nuisance the plaintiff must allege that he suffered an injury in the exercise of a public right. Couture v. Board of Education, supra, 6 Conn. App. 314-15.
A nuisance maybe classified as an absolute nuisance or a negligent nuisance. Green v. Ensign-Bickford Co., 25 Conn. App. 479,490, 595 A.2d 1383 (1991). "If the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance." Quinnett v. Newman,213 Conn. 343, 348-49, 568 A.2d 786 (1990). "If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute." Id., 348. The plaintiff's allegations are based on unintentional, negligent acts and therefore, the resulting cause of action is characterized as a negligent nuisance. With this framework in mind, we proceed to the merits of the arguments.
As previously stated, in ruling on a motion to strike, the court is limited to the facts alleged in the complaint, Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988), and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). Facts necessarily implied and fairly provable are included.Norwich v. Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986).
In Salomone v. Boulanger, 32 Conn. Sup. 115, 342 A.2d 61
(1975), the Court overruled defendants' demurrer (cause of action sounding in public nuisance) citing House v. Metcalf, 27 Conn. 631
CT Page 12267 (1858), stating: "House stands . . for the proposition that an occupier of land abutting a highway is under a duty not to do anything on that land that will increase the hazards normally encountered by travelers on the highway, even though there is no tangible invasion of the highway area as a result of the activity carried on by the abutting occupier. If those hazards are increased as a result of that activity, under the holding in House,
that activity may be found to be a nuisance." Salomone v.Boulanger, supra, 32 Conn. Sup. 118. In Salomone, the plaintiff alleged that while riding a bicycle on a public highway, he sustained injuries as a result of a collision between the bicycle and an automobile; he further alleged that the defendant abutting landowner caused the collision by installing a fence, on which grew ivy and roses, at the intersection of the streets where the collision occurred; and, that the fence and shrubbery, interfering with vision and audibility, constituted an inherently dangerous condition having a natural tendency to inflict injury on users of the highway, thereby constituting a nuisance.
The defendant argues that the third count is insufficient because the plaintiff has not alleged that he sues as a member of the general public or that the nuisance was dangerous to the public generally. The plaintiff's counter argument is that the complaint states that the plaintiff was traveling on a public highway and that the dangerous condition of the water runoff was dangerous to the plaintiff and other travelers on the highway. Although the plaintiff's complaint does not use the specific wording such as the defendant's conduct "constituted an inherently dangerous condition having a natural tendency to inflict injury on users of the highway", the allegations are sufficient by implication. In addition, the plaintiff has alleged that the he was traveling on a public highway. "A highway is a public way open and free to any one who has occasion to pass along it on foot or with any kind of vehicle. . . . The essential feature of a highway is that it is a way over which the public at large has a right to pass." Stovolav. Palmer, 136 Conn. 670, 683, 73 A.2d 831 (1950). It has long been a general rule in Connecticut that "[a]n owner of property abutting on a highway is required to use reasonable care to keep his premise in such condition as not to endanger travelers in their lawful use of the highway. Sawicki v. Connecticut RY LightingCo., 129 Conn. 626, 631, 30 A.2d 556 [1943]; Ruocco v. UnitedAdvertising Corporation, 98 Conn. 241, 247, 19 A. 48 [1922]."Przwgocki v. Wikris, 130 Conn. 419, 422, 34 A.2d 879 (1943). See also Salomone v. Boulanger, supra, 32 Conn. Sup. 118. Although the plaintiff did not explicitly allege that he was a member of the CT Page 12268 general public using a public highway or exercising a public right, that can certainly be implied from the allegations and the meaning of "public highway." Because the plaintiff has alleged, albeit it implicitly, the necessary elements to state a cause of action in public nuisance, the motion to strike the third count is denied.
In summary, the defendant's motion to strike the second and third counts of the plaintiff's complaint is denied.
HON. RICHARD A. WALSH, J.