[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT AND SECOND COUNT OF THE AMENDED COMPLAINT #112
This action arises out of a motor vehicle accident between the plaintiff, John Foody, and the defendant, Carl Boccuzzi, which occurred on December 23, 1997. The plaintiff filed a complaint on June 10, 1999 against the defendants, Boccuzzi and General Electric Capital,[1]
alleging that the plaintiff's injuries were the result of the defendants' carelessness and negligence. Subsequently, the defendants filed an CT Page 11950 apportionment complaint against the apportionment defendant, American Home Patient, Inc., alleging that the apportionment defendant had a duty to remove slush, snow and ice from its driveway and failed to do so. The plaintiff filed an amended complaint on January 3, 2000 to incorporate the allegations in the apportionment complaint and to assert a negligence claim against the apportionment defendant . . . On May 2, 2000, the apportionment defendant filed a motion to strike on the ground that it can not be held to have a duty to the plaintiff.
As required by Practice Book § 10-42, the apportionment defendant has filed a memorandum in support of its motion to strike, and the defendants/apportionment plaintiffs have timely filed an objection to the apportionment defendant's motion to strike. On May 24, 2000, the plaintiff adopted the defendants/apportionment plaintiffs' objection to the apportionment defendant's motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1993). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori, 236 Conn. 320, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 331, 334, 650 A.2d 153 (1994). "The court must construe facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autori, supra, 825.
The apportionment defendant contends that the extent of the duty of a lessee or landowner with regard to property is reasonably limited to entrants and, therefore, it cannot be held to have owed a duty to the plaintiff. The defendants/apportionment plaintiffs argue that the apportionment defendant did owe a duty to the plaintiff to refrain from using its property in such a way as to create a risk of injury to travelers in the public roadway. Specifically, the defendants/apportionment plaintiffs contend that the apportionment defendant had a duty to remove slush, snow and ice from its driveway and failed to do so.
"An apportionment complaint brought pursuant to [§ 152-102b which seeks apportionment of liability is restricted to defendants who may be liable to the plaintiff for negligence . . ." (Citation omitted.) Ulianov. East Hill Woods, Inc., Superior Court, judicial district of CT Page 11951 Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998,Grogins, J.) (23 Conn.L.Rptr. 335). It must be determined whether the apportionment defendant may be liable to the plaintiff for negligence, i.e., whether it owed a duty to the plaintiff.
"In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee. . . . A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe . . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." Kurti v. Becker, 54 Conn. App. 335, 338,733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999), citing,Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323, 327,612 A.2d 1197 (1992).
In the present action, the apportionment defendant concedes that it would owe a duty to entrants on its premises, however, it argues that it owes no duty to the plaintiff because the plaintiff never entered the apportionment defendant's property. The plaintiff alleges in his amended complaint that the defendant, Boccuzzi, was unable to control his vehicle upon exiting the driveway of the apportionment defendant due to slush, snow or ice.
The court has observed that "an occupier of land abutting a highway is under a duty not to do anything on that land that will increase the hazards normally encountered by travelers on the highway, even though there is no tangible invasion of the highway area as a result of the activity carried on by the abutting occupier." Salomone v. Boulanger,32 Conn. Sup. 115, 113, 342 A.2d 61 (1975) (cause of action sounding in public nuisance); see also D. Wright, J. FitzGerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 97, p. 311-313. "[W]here the injury to the plaintiff does not occur on the property of the defendant, liability does not depend essentially upon the defendant's duty as owner but rather upon the duty which arises from the fact that he has control of the structure or instrumentality causing the injury." Lewis v. I.M.Shapiro Co., 132 Conn. 342, 348, 44 A.2d 124 (1945)
Similarly, the injury to the plaintiff did not occur on the apportionment defendant's property, however, the apportionment defendant allegedly permitted its driveway to remain in a dangerous and unsafe condition, which may have been a factor in causing the plaintiff's injuries. Therefore, the apportionment defendant's duty would arise from its control over the driveway. As previously noted, "[i]f facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp.,
CT Page 11952 supra, 231 Conn. 384.
The court finds that the allegations in the complaint are legally sufficient. Accordingly, the apportionment defendant's motion to strike the apportionment complaint and count two of the amended complaint is denied.
So ordered.
BY THE COURT,
PETER EMMET WIESE, J.